## B. W. BREEDING v. THE STATE.

Objections, which go to the fitness of jurors, may be urged by the party who is to be affected by their finding ; but those which are matter of privilege or exemption, merely, can only be urged by the juror himself. That a juror is above sixty years of age, is of the latter class; so also, it seems, that he is under twenty-one.

Appeal from Colorado. The appellant, having been indicted for playing at cards, pleaded in abatement, that one of the grand jurors, who found the indictment, was above the age of sixty years. The plea was adjudged by the Court insufficient, on demurrer. The defendant was convicted and appealed.

*J. H. Robson*, for appellant. The law is express, that the jury list shall be made up of persons under the age of sixty years. (Hart. Dig. Art. 1641.) It is as imperative, that a grand juror shall be under the age of sixty, as that he shall be a citizen of the State, or that he shall be a free-holder in the State or a house-holder in the county. (9 Tex. R. 67.) We find in the law regulating juries, (Hart. Dig. Art. 1641,) a regular list of those who shall be privileged from serving; and we conclude that if it had been a privilege extended to those who were over the age of sixty, either to serve or not at their own option, they would have been included on the privileged list. " *Expressio unius, exclusio alterius.*"

*Attorney General*, for appellee.

WHEELER, J. Jurors are subject to objection, either on account of their want of the requisite qualifications of fitness, whereby they are excluded from serving; or on account of some privilege or exemption, whereby their service is excused, but not excluded. Aliens, and persons convicted of some

32

crime which affects their credit and renders them infamous, are of the former class. Infants under twenty-one and aged and infirm persons and those specially exempted from service by statute, are of the latter class. Objections which go to the fitness of the jurors to serve, may be urged by the party to be affected by their finding; but those which are matter of privilege or exemption, merely, can only be urged by the juror himself. The objection to the juror, raised by the plea in abatement, is of the latter class. In requiring the jury list to be composed of persons under the age of sixty years, it was evidently the intention of the Legislature to create a personal exemption in favor of persons above that age, and to constitute those persons, who had attained to that venerable age, a privileged class, who should not be required to serve upon juries, against their will. It surely was not intended to fix that as an age beyond which persons should be deemed incompetent, by reason of age, to perform the office, or discharge the duty of jurors.

By an English statute, (West. 2, 13 Edw. I. c. 38,) men above seventy years old were exempted from jury service. But they were not, on that account, held to be incompetent or unfit to serve as jurors; and the exemption could only be claimed by the persons themselves. (3 Bl. Com. 364.) If they chose to waive, or omitted to urge their privilege, it could not be urged by another, as a matter going to their qualification or competency as jurors. Our statute, in a spirit of greater liberality and deference to age, fixes the period of sixty years, as the period at which the privilege shall attach. But it manifestly intended nothing more, than to create an exemption in favor of a privileged class. It could not have been intended to declare persons incompetent as jurors, on account of age; when the having attained to and beyond that age is not a legal disqualification to fill the highest executive, legislative and judicial offices of the State. We are of opinion that the objection, raised by the plea, did not go to the qualification or competency of the juror, or his fitness to serve; but that it was

matter of exemption and privilege only, which it was for the juror himself to urge or not, as he saw proper; that it could not avail the defendant, as an objection to his competency, by plea or otherwise; and, consequently, that the Court did not err in sustaining the demurrer to the plea in abatement. The judgment is therefore affirmed.

Judgment affirmed.