JAMES DUGGAN, APPELLANT, VS. THE STATE OF FLORIDA.

1. The Supreme Court will always reverse a judgment in a criminal case where it shall appear that the Judge charged the jury upon the case but did not re-duce his charge to writing, and file it in the case, according to the 8th section of the Act of January 4, 1848.

2. The record stated that the prisoner was led into Court by the Sheriff, "whereupon came a jury, &c., who being duly chosen, tried and sworn, after hearing the evidence and argument of counsel, *and under charge of the Court, retired* to consult of their verdict," &c :  Held that this language does not furnish evidence that the Judge charged the jury within the meaning of the above act.

3. Remarks by the Judge to the jury touching their behavior on retiring to consult of their verdict, as that they shall not speak to any one or suffer any one to speak to them, do not constitute a charge within the meaning of said act.

4. The Circuit Judge must be presumed to have done his duty in the absence of proof to the contrary.

Appeal from Escambia Circuit Court.
This case was decided at Marianna.
The case is fully stated in the opinion of the Court.

*C. W. Jones* for appellant.

The State not represented.

WALKER, J., delivered the opinion of the Court.

At the Fall Term 1860, of Escambia Circuit Court, the plaintiff in error was tried, convicted and sentenced for the murder of William Wallace.

The assignment of error in this Court is, that "it does not appear from the record proceedings of this case in the Court below, that the Judge filed the charge which he delivered to the jury."

This assignment would unquestionably be sufficient ground for reversal if supported by the record. The 8th section of "An Act to provide writs of error in criminal cases," approved January 4, 1848, reads as follows:

"Sec. 8. *Be it further enacted,* That charges made by Judges to juries in all criminal cases, shall be reduced to writing and filed in the case, and shall be exclusively on points of law; and that any violation of this section shall be deemed and construed to be error from which a writ of error may be prayed as of right."

The language of this act is too plain for comment, and in every criminal case where it shall appear that a Judge has charged a jury either upon the law or facts, without reducing his charge to writing and filing it in the case, we should hold it to be error.

26

But the difficulty in the way of reversal in this case is, that it does not appear that the Judge delivered any charge to the jury either upon the law or facts, written or unwritten. The only part of the record which speaks of a charge is, that part which says the prisoner was led into Court by the Sheriff, and then proceeds thus: "Whereupon came a jury, &c., who being duly chosen, tried and sworn, after hearing the evidence and argument of counsel and under the charge of the Court, retired to consult of their verdict," &c. It is contended that the words "*and under the charge of the Court*, retired," &c., furnish evidence that the Court delivered a charge to them upon the law or facts of the case which ought, under the statute, to have been reduced to writing and filed. But after much reflection we have been unable to reach that conclusion. The record does not say that the jury after hearing the evidence and argument of counsel and the charge of the Court, retired, &c.; but it says that after hearing the evidence and argument of counsel and *under* the charge of the Court, they retired, &c. Even though the Judge had not addressed a word to them, yet this language of the record would be true and proper, because the jury always retires under the charge, protection and care of the Court. This language is but a formula which may, and perhaps should be used in all cases whether the Judge has charged the jury on the law or facts or not. It is usual for the Judge to instruct the jury on their withdrawal touching their behavior in retirement as that they shall not speak to any one or suffer any one to speak to them, &c., but we are clear that such remarks do not constitute a "charge" within the meaning of the statute above referred to.

If the Juge did charge the jury within the meaning of that statute, the plaintiff in error, if he desired to take advantage of it, should have moved the Court to amend the record so as to set out that fact distinctly, or else to have ob-

tained from the Judge a statement to that effect in the nature of a bill of exceptions, and in case the Judge refused to sign said statement, then it was the right of the plaintiff in error, under the first section of said act, to have said statement signed by any three persons in the presence of the Judge.

If the Judge did charge the jury, it was his duty to file his charge in the case. We must presume he did his duty in the absence of proof to the contrary. Therefore, let this case be remanded to the Circuit Court in and for the county of Escambia, and the Judge holding said Court be directed to cause the said James Duggan to be brought before him in open Court, and nothing appearing why sentence of death should not again be passed upon him, that said Judge in open Court do re-sentence the said James Duggan to be executed at such time and place as said Court may deem fit and proper, and that said Court do cause said sentence to be carried into execution. *Per curiam.*