HUARARCHER B. BLOUNT, PLAINTIFF IN ERROR, VS.
THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. It is the duty of the trial court to instruct the jury on the law applicable to the facts proven during the trial of a case, and a refusal to do so when asked will be error; but it is the settled practice in this State that if a party wishes to avail himself of the omission of the court to charge the jury on any point in the case, he must ask the court to give the instruction desired; otherwise he will not be permitted to assign the omission as error.

2. A juror who served upon the jury that convicted an accused at a term of court held in December, A. D., 1891, had been summoned by virtue of a special venire to complete the petit jury list, and his name appeared upon the panel of petit jurors for the Spring term of said court held in March of same year. An objection was made in arrest of judgment, that said juror was disqualified by reason of the provision in Section 3, Chapter 3010, Laws of Florida, McClellan's Digest, page 622, Section 8, to the effect that "no person shall be drawn to serve on a grand or petit jury more than once during the same year:" *Held,* that said provision does not create a disqualification, but simply provides an exemption from jury duty for more than one term of court each year.

3. Assignments of error submitted without argument may be treated as abandoned.

4. Where the record fails to show that the trial judge asked a prisoner before pronouncing sentence upon him, if he had anything to say why the sentence of the law should not be passed upon him, it is not ground for setting aside the judgment where the conviction is not of a capital offense.

Writ of Error to the Circuit Court for Hillsborough county.

288 SUPREME COURT.

Huararcher B. Blount v. The State of Florida.—Statement of Case.

### STATEMENT.

The plaintiff in error, Huararcher B. Blount, was indicted in June, A. D. 1891, in the Circuit Court of the Sixth Judicial Circuit, for Polk county, for the murder of Robt. L. Parker. On the application of the accused the venue in the cause was changed to Hillsborough county, in said Circuit, and at a term of the Circuit Court for the latter county, held in December, A. D. 1891, said accused, upon arraignment and plea of not guilty, was tried and convicted of murder in the first degree, and recommended by the jury to the mercy of the court. After motions in arrest of judgment and for new trial were overruled, the accused was by judgment of the court sentenced to the penitentiary for life, and he brings the case here by writ of error for review.

The grounds of the motion in arrest of judgment are :

1st. Because the court erred in omitting to charge the jury that it was competent for them to convict the defendant of some lesser degree of felonious homicide other than that charged in the indictment ;

2d. Because the court erred in omitting to charge the jury as to the lesser degrees of murder, and the different degrees of manslaughter ;

3d. Because the court erred in confining the jury in his charge to a conviction of murder in the first degree.

The grounds in the motion for a new trial are:

1st. Because the verdict is contrary to law;

2d. Because the verdict is contrary to the evidence;

3d. Because the jury failed to give the defendant the benefit of every reasonable doubt arising from the evidence;

4th. Because T. B. Smith, one of the jurors who tried said cause, was not a qualified juror for the trial of said cause, in this, that the said T. B. Smith was duly summoned to serve, and did serve, on the regular panel of petit jurors for the Spring term of this court for the year 1891, which will more fully appear by reference to the affidavit of the defendant and a certified transcript of a portion of the minutes of the court for the said Spring term, 1891, filed herewith and made a part of this motion;

5th. Because of the newly discovered evidence of F. F. Beville and W. M. McDowell, as shown by the affidavits of F. F. Beville and H. B. Blount herewith filed and made a part of this motion.

No instructions were asked on behalf of the accused, and the only exceptions taken to the charge of the court are those contained in the motion in arrest of judgment.

The errors assigned are:

1st. The court erred in omitting to charge the jury that it was competent for them to convict the

290                    SUPREME COURT.

Huararcher B. Blount v. The State of Florida.—Opinion of Court.

defendant of some degree of felonious homicide other than that charged in the indictment;

2d. The court erred in denying defendant's motion for a new trial;

3d. The court erred in denying the defendant's motion in arrest of judgment;

4th. The record does not show that the accused was asked by the court if he had anything to say why the sentence of the law should not be passed upon him prior to passing said sentence.

The record recites the following in reference to the sentence passed by the court: "The State of Florida vs. Huararcher B. Blount. The defendant in this cause being at the bar of the court, the following sentence is pronounced: The sentence of the law is' that you be imprisoned by confinement in the State penitentiary at hard labor for the term of your natural life."

The other facts in the case are stated in the opinion of the court.

*Wall & Knight*, and *Wilson & Wilson* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

MABRY, J. :

The first and third assignments of error may be considered together. The third assignment is, that

the court erred in denying defendant's motion in arrest of judgment; and the grounds of this motion are :

1st. The court erred in omitting to charge the jury that it was competent for them to convict the defendant of some lesser degree of felonious homicide other than that charged in the indictment ;

2d. The court erred in omitting to charge the jury as to the lesser degrees of murder, and the different degrees of manslaughter ;

3d. The court erred in confining the jury in his charge to a conviction of murder in the first degree.

The first assignment of error is the same as the first ground of the motion in arrest of judgment. The plaintiff in error did not ask the court to charge the jury on the lesser degrees of murder, and the different degrees of manslaughter; in fact did not request the court to give any instructions whatever. The court instructed the jury on the law applicable to murder in the first degree, and as to the right of self-defense. The first section of the act of 1877, Chapter 2096, Laws of Florida, provides, that in the trial of criminal cases in the Circuit Courts of this State, "it shall be the duty of the judge presiding on such trial to charge the jury only upon the law of the case; that is, upon some point or points of law, or exceptions to evidence, arising in the trial of said cause, and such charge shall be wholly in writing. If either of the parties, or their attorneys, present to the judge instructions in writing

on the point or points of law, or exceptions taken, arising on the trial, it shall be the duty of the judge to declare in writing to the jury his ruling thereupon as presented, and pronounce the same to the jury as given or refused.'' The second section provides, that in cases not punished capitally, the judge may charge orally, unless requested by the parties, or their attorneys, to charge in writing, which request must be in writing, and made before the evidence in the case is closed.

Counsel for plaintiff in error contend that it is the duty of the trial judge, whether requested to do so or not, to instruct the jury as to all the law applicable to the facts which have been proven, and a failure to so instruct is reversible error. It is clearly the duty of the court to instruct the jury on the law of the case, that is upon the law applicable to the facts proven in the case, and a refusal to give such instructions when asked, would of course be error. But, under our practice, it has been settled by adjudications that if a party wishes to avail himself of the omission of the court to charge the jury on any point of the case, he must ask the court to give the instruction desired, otherwise he will not be permitted to assign it as error. In Duggan vs. State, 9 Fla., 516, the point was made that the record did not show that the judge filed the charge which he gave to the jury, as provided by law. The statute provided that charges to juries in criminal cases should be reduced to writing and filed in the case, and should be exclusively on points of law.

JUNE TERM, 1892.        293

Huararcher B. Blount v. The State of Florida.—Opinion of Court.

Chapter 138, sec. 8, Laws of 1848. It was held that
the record did not show that the trial judge had in-
structed the jury at all, and hence there was no error
in not filing instructions. This was a capital case and
the judgment was affirmed, although, as held by
the court, no instructions at all were given. A year
before the Duggan case was decided, it was held in
Cato vs. State, 9 Fla., 163, that "if the court assumes
to charge the jury, it ought to charge on the whole
law, but if a party desires to avail himself of any fail-
ure or omission in this respect, he must call the par-
ticular point to the attention of the court, otherwise
he will not be permitted to assign the omission for
error. In the case of Long vs. State, 11 Fla., 295, de-
cided in 1866 or 1867, it was held that the judge may
omit to charge the jury without error, when no in-
structions are specially requested in writing, but when
he charges the jury he must confine himself to the law
applicable to the case, and reduce his charge to writ-
ing before it is delivered. These decisions were made
while the statute of 1848, Chapter 138, was in force;
but since the enactment of the statute of 1877, *supra*,
this court has announced the same rule.

In Irvin vs. State, 19 Fla., 872, the fourth assign-
ment of error was, that the court erred in not instruct-
ing the jury as to what constituted murder in both the
first and second degrees. It is said in the opinion:
"No exception was reserved to the charge, or any por-
tion of it, and by the decisions of this court, often re-
peated, no exception thereto can be first taken here on
writ of error. The attention of the court below should

have been called to the error alleged, at the time, and the instructions asked for should have been written out as provided by the laws, and presented to the judge, who would have declared in writing his ruling thereon as presented, and pronounced the same to the jury as given or refused." See also Reed, Story and Sullivan vs. State, 16 Fla., 564; 93 U. S. 393. Counsel for plaintiff in error say this court has, in the case of Hicks vs. State, 25 Fla., 535, 6 South. Rep., 441, said, by implication at least, that it is the duty of the judge to instruct the jury upon all the lower grades of homicide to which the testimony might be applicable. This court has said in the past, and now repeats it, that it is the duty of the trial court to instruct the jury on all the law applicable to the facts proven in a case, but the court has not said in the Hicks case, or in any other case, that if the court fails or omits to charge on the law applicable to some phase of the case, the defendant can avail himself of this omission, without first requesting the court to charge on the point or points desired to be submitted to the jury. The reverse of this proposition is the settled practice in this State. In the Hicks case, *supra*, an objection to the charge of the court was made on the ground that the court did not charge as to the relative degrees of manslaughter. It does not appear whether or not the court was requested to charge in reference to the degrees omitted. The decision was, that there was no error in the charge of the court, because the evidence in the case did not in any sense apply to the degree or degrees of manslaughter omitted in the charge. There

is no doubt about this being the settled doctrine in this State, and the court is not compelled to charge on the law not applicable to the facts of the case, whether requested or not. Of course where the facts of the case call for or authorize a charge from the court on them, it would be error to refuse when requested. Counsel for plaintiff in error refer us to numerous decisions in support of the proposition, that it is error for the court to omit to charge all the law applicable to the facts of the case, whether requested or not, but we do not feel disposed to go into a discussion of them in this opinion. They are opposed by numerous other well-considered decisions ; besides, are directly in conflict with adjudications of our own court, as indicated above. We do not feel at liberty to reverse the repeated decisions of this court on this subject, especially when they are sustained by so many well-considered cases in other courts. No exceptions having been taken to the charge of the court, or any part of it, and no instructions having been asked by the accused, no questions are presented for our consideration by the first and third assignments of error.

In what is said above we do not desire it understood that we concede that the facts of this case called for any further charge than that given by the court, even if it had been requested.

The second assignment of error is, that the court erred in denying defendant's motion for a new trial. Counsel for plaintiff in error discuss here only the fourth

ground of this motion, and that is, that T. B. Smith, one of the jurors who tried the case, was not a qualified juror, in this, that said Smith was duly summoned to serve, and did serve, on the regular panel of pe.it jurors at the Spring term of the court for the year, A. D. 1891. The first, second and third grounds of this motion are, in effect, the same, that the evidence does not sustain the verdict. Our examination of the evidence has satisfied us that it fully sustains the verdict. Counsel for plaintiff in error have, however, submitted these assignments of error without argument, and we treat them as abandoned, and hence will not enter into any discussion of the evidence in this opinion.

Returning to the fourth ground of the motion, the one discussed here, we find from the record that the plaintiff in error was tried at a term of court held for Hillsborough county, in December, A. D. 1891, and at a term of said court held in March of said year the juror, Smith, was summoned by the sheriff of said county by virtue of a special venire ordered by the court to complete the petit jury list for that term. Smith's name appears on the completed panel of petit jurors for the Spring term of the court held in March, A. D. 1891, but it appears he was summoned on the special venire. Plaintiff in error filed an affidavit in which he states that T. B. Smith, who was on the jury that convicted him, was duly summoned as a petit juror at the Spring term of the court for that year, and attended said term of court as a petit juror; that said Smith stated on his *voir dire* when called as a juror that he had not served as a grand or petit juror at the

Spring term of the court, and that the fact that he did so serve was unknown to affiant or his attorneys until after his trial and conviction. It is contended by the counsel for plaintiff in error that under the statute (McClellan's Digest, p. 622, sec. 8), the juror, Smith, was disqualified to serve as a juror at the Fall term of the court, on account of his having served in this capacity during the same year at the Spring term, and that plaintiff in error can avail himself of the disqualification of the juror by motion for a new trial. Section 3 of Chapter 3010, laws of 1877, (McClellan's Digest, p. 622, sec. 8,) contains a provision that "no person shall be drawn to serve on a grand or petit jury more than once during the same year." The act of 1877 was an amendment of section 3, Chapter 1628, laws of 1868. The latter act provides in the first section that all persons who are qualified electors shall be liable to be drawn as jurors, except as provided further in the act. The second section enumerates certain persons who shall not be compelled to serve as jurors, and also provides that "no person who is not a qualified elector of this State, or any person who shall have been convicted of any bribery, forgery, perjury, larceny or other high crime, unless restored to civil rights, shall be permitted to serve on juries." The third section provides for the annual selection by the County Commissioners of each county of a list of three hundred persons properly qualified to serve as jurors, from which grand and petit jurors should be drawn. The act of 1877, *supra*, provides in the first section for

298    SUPREME COURT.

Huararcher B. Blount v. The State of Florida.—Opinion of Court.

the annual selection of the jury list by the County Commissioners, and in the third section provision is made for placing the names selected by the County Commissioners in the jury box by the Clerk of the Circuit Court, and also the drawing therefrom by said clerk, the sheriff and County Judge, or, in his absence, a Justice of the Peace, names of persons to serve at each term of the Circuit Court as grand and petit jurors. In this section is found the provision that "no person shall be drawn to serve on a grand or petit jury more than once during the same year." In 1891 the Legislature enacted another law (Chapter 4015) in relation to jurors, and it being approved June 8th, 1891, was in force when the case now before us was tried. This last act provides in its first section that "grand and petit jurors shall be taken from the registered voters who have paid their last assessed capitation tax in their respective counties, but no person who shall have been convicted of bribery, forgery, perjury, larceny, or other high or infamous crime, unless restored to civil rights, shall be permitted to serve as jurors." The second section provides for the annual selection by the County Commissioners of the jury list; and the third section provides for the placing of the names selected by the County Commissioners in the jury box by the clerk, and also the drawing therefrom by the clerk, sheriff and County Judge, or, in his absence, a Justice of the Peace, the names of persons to serve as grand and petit jurors for the terms of the Circuit

Courts.  The provision found in the act of 1877, that "no person shall be drawn to serve on a grand and petit jury more than once during the same year," does not appear in the act of 1891.  It is a question whether or not the provision in the act of 1877, and relied upon by counsel for plaintiff in error, was in force when he was convicted, but if we concede that it was in force, it will not benefit him, as we have no hesitancy in holding that the provision mentioned does not create a disqualification, but simply provides an exemption from jury duty for more than one term of court each year.  In Thompson & Merriam on Juries, sec. 40, it is said : "It may be stated as a general rule, that in the absence of terms in the statute granting the exemptions, amounting to a positive prohibition, or creating an incapacity for jury service, the exempt person may, when called, waive the privilege conferred by law, and take his place upon the jury, unless otherwise subject to challenge."  The statute under consideration expressly enumerates those who should not be compelled to serve, that is exempt from jury service, and also provides who should be disqualified from such service.  Former service as juror during the same year, is not among the disqualifications as provided in the statute for jury service, and we are satisfied that the Legislature did not intend by the provision in question to create a disqualification.  Booth vs. Commonwealth, 16 Grattan, 519 ; Breeding vs. State, 11 Texas, 257; State vs. Forshner, 43 N. H., 89.  The

provision is, that no person shall be drawn to serve, and it is found in the section of the statute providing that certain officers shall prepare jury lists and select names of persons to serve as jurors. It does not appear that the juror, Smith, was *drawn* to serve at the Spring term of the court, but was summoned by virtue of a special venire ordered by the judge to complete a jury panel at that term. We hold, however, that the statute invoked, if in force, does not create a disqualification, and that the court did not commit any error in refusing to set aside the verdict on account of the alleged incompetency of T. B. Smith to serve as a juror.

The fifth ground of the motion for a new trial is because of the newly-discovered evidence of F. F. Beville and W. M. McDowell, as shown by the affidavit of Beville and H. B. Blount. There are no merits in this ground of the motion, but we refrain from discussing it for the reason that counsel for plaintiff in error have abandoned it in their brief here.

The fourth assignment of error is, that "the record does not show that the accused was asked by the court if he had anything to say why the sentence of the law should not be passed upon him, prior to passing said sentence." The accused was convicted of murder in the first degree, and recommended by the jury to the mercy of the court. The effect of such a recommendation is to reduce the penalty from death to imprisonment in the penitentiary for life. The record does

not show that the accused was asked by the court, before passing sentence, if he had anything to say why the sentence of the law should not be passed upon him. This subject has recently passed under review by this court in the case of Hodge vs. State, 29 Fla., 500, 10 South. Rep., 556, and the rule there announced is, that where the record failed to show that the judge asked the prisoner, before pronouncing sentence upon him, if he had anything to say why the sentence of the law should not be passed upon him, it is not ground for setting aside the judgment, where the conviction is not of a capital offense. It was said in the Hodge case : "Where the record shows, as it does here, that the prisoner was in court, and represented by counsel who were present, and that a motion for a new trial was made and refused, and there is, moreover, no error apparent on the record for which the judgment can be reversed, it does look like child's play to send the case back for the purpose of asking a question to which there can be no answer that will change the prisoner's fate, and of having a new sentence pronounced." The punishment in the case at bar not being capital, the rule announced in the Hodge case, *supra*, will apply to it.

After a careful examination of the entire record, we find no error for which the judgment should be reversed. It is, therefore, considered that the judgment of the Circuit Court be affirmed.