Benny Earl ROBERTS, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–94–00205–CR.

Court of Appeals of Texas,
Tyler.

Sept. 24, 2003.

Rehearing Overruled Dec. 4, 2003.

Discretionary Review Refused
June 9, 2004.

George M. Adams, Gun Barrel City, for appellant.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and BILL BASS, Retired Justice, Twelfth Court of Appeals, TYLER, sitting by assignment.

## OPINION

BILL BASS, Justice (Retired).

A jury found Appellant guilty of delivery of a controlled substance, and the trial court assessed his punishment at thirty years of confinement. On original submission, we reversed Appellant's conviction concluding that the trial court erred in conducting a jury shuffle *sua sponte* after the conclusion of voir dire and that the aggrieved appellant need not show harm. *Roberts v. State,* No. 12–94–00205–CR (Tex.App.-Tyler August 29, 1997, pet.

granted) (not designated for publication). In reaching our conclusion, we relied on *Jones v. State*, 833 S.W.2d 146, 147–48 (Tex.Crim.App.1992). The court of criminal appeals vacated our judgment and remanded the appeal to us for consideration whether, in light of *Cain v. State*, 947 S.W.2d 262 (Tex.Crim.App.1997), the jury shuffle error was susceptible to harm analysis or whether no harm analysis was possible, either because the error defies analysis by harmless error standards or because the data is insufficient to conduct a meaningful harmless error analysis. *Roberts v. State*, 978 S.W.2d 580 (Tex. Crim.App.1998). We determined that the error defied analysis under the prevailing harmless error standards and reversed the conviction. *Roberts v. State*, 12–94–00205–CR, 1999 WL 115104 (Tex.App.-Tyler Feb. 26, 1999, pet. granted) (not designated for publication), 1999 WL 115104. The State filed a petition for discretionary review challenging our holding. The court of criminal appeals vacated our judgment and remanded the cause to us for reconsideration in light of its recent opinion in *Ford v. State*, 73 S.W.3d 923 (Tex.Crim. App.2002), and, if necessary, for us to address Appellant's remaining sixteen issues. *Roberts v. State*, 77 S.W.3d 837 (Tex.Crim. App.2002). We affirm.

## BACKGROUND

Appellant was charged by indictment with delivery of less than 28 grams of cocaine. At trial, Barbara Crow, an undercover narcotics agent, testified that she, accompanied by confidential informant Paul Preston, purchased two rocks of crack cocaine from Appellant on September 15, 1993. Appellant, she said, got into the back seat of her car to make the exchange. Preston testified to essentially the same facts. The State also called two law enforcement officers as witnesses to testify regarding the chain of custody of the alleged cocaine and a Department of Public Safety chemist to describe the testing of the substance. The cocaine weighed .13 grams.

## JURY SHUFFLE

In his first issue, Appellant contends the trial court erred in ordering a jury shuffle, *sua sponte*, after the commencement of voir dire. We agree. In *Ford*, the court observed the "[t]he jury shuffle is designed to ensure the compilation of a random list of jurors, and that the trial judge's denial of the defendant's request for shuffle does not, in itself, indicate a non-random listing of the venire." *Ford*, 73 S.W.3d at 926. Therefore, no harm is shown absent a showing that the process of assembling a jury panel was subverted to achieve a non-random listing of the venire. *See id.* There is nothing in the record of the instant case indicating that the listing of the jury, before or after the shuffle, was other than random. The substantial right involved in the instant case is the right to a random listing of the venire. Although it appears that the trial court deprived Appellant of a tactical advantage, under the holding in *Ford*, no harm is shown. Appellant's first issue is overruled. We therefore address Appellant's remaining issues.

## JURY SELECTION

In his second issue, Appellant contends the trial court erred in overruling his challenge for cause of prospective juror Tullos. When asked during voir dire whether he would consider the defendant's failure to testify as an indication of his guilt, Tullos' answer suggested that he would so consider it. When questioned by the court if he could follow the court's instructions not to consider it as evidence of guilt, he replied that he would follow the court's instruc-

tions. The final exchange in the examination of Tullos by the court was, as follows:

THE COURT: If he fails to testify, will you not consider that as any evidence against him?

MR. TULLOS: I can't say that I could, no sir.

THE COURT: Thank you very much. I find you qualified.

The trial court denied Appellant's challenge for cause, and Appellant used a peremptory challenge to remove Tullos from the jury panel. Appellant exhausted his peremptory challenges and his request for additional peremptory challenges because he had been forced to take an objectionable juror was denied.

■ Appellant cites *Holloway v. State,* 666 S.W.2d 104, 108 (Tex.Crim.App.1984) for the proposition that the trial court commits reversible error in failing to grant a defendant's challenge for cause when a prospective juror cannot state unequivocally that he or she would be fair and impartial. However, more recent authority dictates that when a panel member is equivocal as to his or her ability to follow the law relating to the privilege against self-incrimination, the appellate court must defer to the trial court's judgment. *Brown v. State,* 913 S.W.2d 577, 580 (Tex.Crim.App.1996). In *Brown,* Judge Maloney stated for the court, as follows:

[N]othing is left to the discretion of the trial court when the venireperson is unequivocal as to their ability to follow the law. If they testify unequivocally that they *can* follow the law despite personal prejudices, the trial court abuses its discretion in allowing a challenge for cause on that basis. Likewise, if they testify unequivocally that they *cannot* follow the law due to their personal biases, the trial court abuses its discretion in failing to grant a challenge for cause on that basis. However, when the venireperson vacillates or equivocates on their ability to follow the law, the reviewing court must defer to the trial court's judgment.

*Brown,* 913 S.W.2d at 580 (emphasis in original). Tullos vacillated between his belief that Appellant should testify if he is not guilty and his stated willingness to follow the law as the judge might instruct him. Considering the written record of his voir dire examination in its entirety, we seriously doubt Tullos' ability to disregard Appellant's failure to testify. The trial judge, however, was in the position to observe Tullos' demeanor and the tenor of his responses, and we must defer to the trial judge's discretion. Therefore, no error is shown. Appellant's second issue is overruled.

■ Appellant urges in his third issue that the trial court erred in excusing venireman Harry Stone after voir dire began. During voir dire, Harry Stone said that he was acquainted with Appellant's attorney. After the voir dire examination of the panel was substantially completed, Stone told the court that he was willing to serve, but that he needed to take his wife to a specialist in Corsicana the next morning. The court responded, "Mr. Stone, I can't excuse you on the ground you have explained to me, but if you're over sixty-five and want to claim the exemption, you can do that." Stone told the court that he was seventy-eight, and the court told him he was excused. In England, men above seventy were exempted from jury service by statute in 1285 (West. 2, 13 Edw. I., c. 38). But the exemption could only be claimed by the persons themselves. Although the statute in effect at the time of Appellant's trial grants the exemption to persons over sixty-five, it has always been the law of Texas that a prospective juror can be excused on this basis only if he claims the

exemption himself. *Breeding v. State,* 11 Tex. 257, 257 (1854).

Appellant argues that the trial court improperly excused Stone on its own motion, effectively granting the State an extra strike. *See Martinez v. State,* 621 S.W.2d 797, 799 (Tex.Crim.App.1981). The record, however, reflects that Stone exercised his exemption himself, and we see no error in the trial court's informing him that he had the exemption if he chose to exercise it. Appellant's third issue is without merit and is overruled.

We affirm the judgment of the trial court.

The remaining portion of the opinion does not meet the criteria for publication and is ordered unpublished. *See* TEX. R.APP. P. 47.2(b).