# NO. 12-09-00313-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JIMMIE HOWARD FOXWORTH,* *APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

A jury found Appellant Jimmie Howard Foxworth guilty of aggravated assault of a child and assessed his punishment at imprisonment for sixty years. Appellant alleged ineffective assistance of counsel in a posttrial application for writ of habeas corpus. The Texas Court of Criminal Appeals granted the writ and remanded the case to the trial court for a new trial on punishment. At the new trial on punishment, the jury assessed Appellant's punishment at imprisonment for thirty-five years. Appellant raises four issues on appeal. We affirm.

### REQUEST FOR COMPLETE LIST OF
### COMMUNITY SUPERVISION REQUIREMENTS IN CHARGE

Appellant was eligible for community supervision. Appellant requested in writing that all statutory supervision conditions be provided to the jury so that, according to his brief, the jury would have a "complete list of community supervision requirements." The court's charge included ten of the basic conditions of community supervision under article 42.12, section 11 of the Texas Code of Criminal Procedure, *see* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11(a)(1)– (9), (13) (Vernon Supp. 2009), together with the general condition, "any other appropriate terms

or conditions that the court may deem appropriate." The charge did not include twelve other applicable conditions set out in article 42.12, section 11 that Appellant requested to be included in the charge. Appellant particularly complains of the trial court's failure to instruct the jury regarding the provisions of article 42.12, section 9A(c). That section provides the judge shall direct that sex offenders be evaluated to determine the appropriateness of and course of conduct necessary for the defendant's treatment, specialized supervision, or rehabilitation. *Id*. art. 42.12, § 9A(c) (Vernon Supp. 2009). Appellant further complains of the trial court's omission from the charge the requirements of article 42.12, section 13B that apply to persons placed on community supervision after conviction for offenses against children. *See id*. art. 42.12, § 13B (Vernon Supp. 2009). Appellant also requested an instruction regarding the application of community service to his case under article 42.12, section 16. *See id*. art. 42.12, § 16 (Vernon Supp. 2009).

**Applicable Law**

A trial court is not required to submit the statutory terms of community supervision in its charge on punishment. ***Sanchez v. State***, 243 S.W.3d 57, 69 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). The failure to enumerate all of the terms and conditions is not considered harmful to the accused. ***Id.*** at 69–70. "Although the jury has no authority to set the terms and conditions, it is helpful to enumerate in the court's charge the community supervision terms and conditions which the court may impose if community supervision is recommended by the jury." ***Wade v. State***, 951 S.W.2d 886, 893 (Tex. App.—Waco 1997, pet. ref'd).

**Discussion**

Appellant argues he was harmed by the trial court's refusal to instruct the jury on all the law applicable to the case. The trial court's failure to charge the jury regarding the severe restrictions on sex offenders placed on community supervision, he contends, undermined the relevance of the testimony regarding those conditions and his counsel's argument for community supervision that relied on them.

Overwhelming authority supports the State's position that the exhaustive recitation of community supervision terms requested by Appellant is not required. *See, e.g.,* ***Sanchez***, 243 S.W.3d at 69-70. As Appellant acknowledges, his testimony dealt with the possible terms and conditions of community supervision that could be ordered by the trial court in the event the jury recommended community supervision. Appellant also called a community supervision officer

2

who supervised sex offenders placed on community supervision. She discussed some of the terms and conditions of community supervision required of convicted sex offenders in Angelina County. In final argument, Appellant's counsel discussed potential conditions of community supervision including those not included in the court's charge. We believe that the court's charge, the testimony, and argument of counsel sufficiently informed the jury about the conditions of community supervision applicable to sex offenders for it to render a proper verdict. Even assuming the trial court erred in failing to enumerate in its charge the conditions requested, we do not believe that omission was calculated to injure the rights of Appellant in view of the record as a whole. *See **Almanza v. State***, 686 S.W.2d 157, 171-72 (Tex. Crim. App. 1984). Error, if any, was harmless. Appellant's first issue is overruled.

### CHALLENGES FOR CAUSE

In his second issue, Appellant contends the trial court erred in denying his challenge for cause of venire members Duirden and Turner. During the examination of the panel, both Duirden and Turner indicated that someone close to them had been victims of sexual assault. When Duirden was questioned individually, the judge asked him if he could be impartial and base his decision on the evidence. Duirden responded, "I think so." His great niece had been a victim of child abuse six months before, but he told the court he thought he could set the experience aside. When Appellant's counsel asked him if there might be a problem, he answered, "Once the evidence is presented, maybe."

Turner had two close family members who had been victims of sexual assault. When questioned if he would bring the emotions engendered by that experience into his service as a juror, he answered affirmatively. Turner indicated that he could consider the full range of punishment, and that he could assess a punishment based on the evidence.

The trial court denied Appellant's challenge for cause, and Appellant used two peremptory challenges to remove Duirden and Turner from the panel.

**Applicable Law**

A defendant may challenge any prospective juror who has a bias or prejudice against any part of the law upon which he is entitled to rely. ***Sells v. State***, 121 S.W.3d 748, 759 (Tex. Crim. App. 2003). An appellate court should examine the entire record to determine if there is

3

sufficient evidence to support the trial court's ruling. *Id.* The test is whether the bias or prejudice would substantially impair the prospective juror's ability to carry out his oath and instructions in accordance with the law. *Id.* Before a prospective juror may be excused for cause on this basis, the law must be explained to the prospective juror, and he must be asked if he can follow that law regardless of his personal views. *Id.* The proponent of a challenge for cause has the burden of establishing that his challenge is proper. *Id.* The proponent does not meet his burden until he has shown that the panel member understood the requirements of the law and could not overcome that bias or prejudice sufficiently to follow it. *Id.*

When a venireperson vacillates or equivocates on his ability to follow the law, the reviewing court must defer to the trial court's judgment. *Brown v. State*, 913 S.W.2d 577, 580 (Tex. Crim. App. 1996); *Roberts v. State*, 139 S.W.3d 1, 3 (Tex. App.—Tyler 2003, pet. ref'd).

Duirden told the court that he believed he could be impartial and base his decision on the evidence, although he conceded that it might be a problem to lay aside his experience once he had heard the evidence. Moore told the court that he believed he could consider the full range of punishment. When questioned by Appellant's counsel, Moore said that he would do his best but could not guarantee that his personal feelings would not affect his judgment. From the cold record, both Duirden's and Moore's responses must be characterized as somewhat equivocal. The trial judge, however, observed their demeanor and the tenor of their responses, an advantage denied a reviewing court. Therefore, we must defer to the trial court's judgment. *See Brown*, 913 S.W.3d at 580. Appellant's second issue is overruled.


## EVIDENCE OF PRIOR CONVICTION UNDER THE FEDERAL YOUTH CORRECTIONS ACT

In his third issue, Appellant complains the trial court erred in allowing evidence of his conviction under the Federal Youth Corrections Act for interstate transport of a stolen vehicle. *See* 18 U.S.C. §§ 5005-5026 (repealed 1984). He also argues that at the time of his commitment, a commitment under the act was not a "sentence of confinement."

In his motion in limine, Appellant asked the trial court to exclude any evidence of his conviction under the act. When he was seventeen, Appellant stole a vehicle in Washington State and drove it across the state line. He was arrested, and was given jail time and a probated

sentence. His case was dismissed upon completion of his probation.

Prior to Appellant's testimony, the trial court held a hearing outside the presence of the jury to consider Appellant's objection to the admission of evidence of his conviction under the Federal Youth Corrections Act. The trial court found the evidence relevant to the issue of punishment and admissible. Appellant then argued that the prejudicial effect of evidence of the conviction substantially outweighed its probative value. The court overruled Appellant's objection.

Appellant testified before the jury that he had never been convicted of a felony in any state and that he was eligible for community supervision. On cross examination, the prosecutor questioned Appellant regarding his commitment for an indefinite term for treatment and supervision under the Federal Youth Corrections Act for stealing cars.

## Standard of Review and Applicable Law

A trial court's decision to admit or exclude evidence is reviewed for abuse of discretion. *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001). A trial court does not abuse its discretion as long as its decision to admit or exclude evidence is "within the zone of reasonable disagreement." *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).

In addition to the rules of evidence, Texas Code of Criminal Procedure article 37.07, section 3 governs the admission of evidence at the punishment stage. It states, in pertinent part, as follows:

> Sec. 3. Evidence of prior criminal record in all criminal cases after a finding of guilty.
>
> (a)(1) Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act. A court may consider as a factor in mitigating punishment the conduct of a defendant while participating in a program under Chapter 17 as a condition of release on bail. Additionally, notwithstanding Rule 609(d), Texas Rules of Evidence, and subject to Subsection (h), evidence may be offered by the state and the defendant of an adjudication of delinquency

5

> based on a violation by the defendant of a penal law of the grade of:
>   (A) a felony; or
>   (B) a misdemeanor punishable by confinement in jail.

TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (Vernon Supp. 2009).

Evidence relevant to the issue of punishment is evidence "helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case." ***Rogers v. State***, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999). Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. . . ." TEX. R. EVID. 403. "Unfair prejudice does not . . . mean that the evidence injures the [defendant's] case." ***Rogers***, 991 S.W.2d at 266. Rather it refers to "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." ***Id.***

## Discussion

Texas appellate courts have held admissible, during the punishment phase, a deferred adjudication order, ***Brown v. State,*** 716 S.W.2d 939, 949 (Tex. Crim. App. 1986), a case previously dismissed, ***Clewis v. State***, 222 S.W.3d 460, 464 (Tex. App.–Tyler 2007, pet. ref'd), evidence of four prior unadjudicated juvenile offenses, ***Strasser v. State***, 81 S.W.3d 468, 469 (Tex. App.–Eastland 2002, pet. ref'd), an out-of-state juvenile conviction, ***Montes v. State***, 870 S.W.2d 643, 648-49 (Tex. App.—El Paso 1994, no pet.), and a completed probation after deferred adjudication, ***Verrett v. State***, 648 S.W.2d 712 (Tex. App.–Beaumont 1982, pet. ref'd). For purposes of admissibility at the punishment phase, we see no distinction between these sentences and Appellant's 1970 conviction under the Federal Youth Corrections Act. The trial court did not err in concluding that Appellant's 1970 conviction under the Federal Youth Corrections Act was relevant to the jury's determination of an appropriate punishment and admissible under article 37.07, section 3(a).

Moreover, we do not believe the probative value of the evidence of the conviction was substantially outweighed by the danger of unfair prejudice to Appellant. The trial court did not abuse its discretion in overruling Appellant's rule 403 objection. Appellant's third issue is overruled.

6

In his first trial, the jury assessed Appellant's punishment at imprisonment for sixty years. The court's charge in the second trial permitted the jury to assess a punishment at any term of years not less than five nor more than ninety-nine, or life. Appellant claims that in submitting an instruction that allowed the jury to assess a punishment greater than he received in his first trial, the trial court "denied [him] a fair trial under Article I, §§ 10, 13, 19 of the Texas Constitution, Fifth and Sixth Amendments of the United States Constitution and Articles 1.04 and 1.05 of the Texas Code of Criminal Procedure."

In *North Carolina v. Pearce*, 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969), the Supreme Court placed limitations on the imposition of higher sentences by judges on retrials following reversals of prior convictions. The court held due process requires that convicted defendants be freed of the fear of a higher sentence on retrial as punishment for successfully exercising their right to appeal. *Id.*, 395 U.S. at 725, 89 S. Ct. at 2080. In order to guard against vindictiveness in the resentencing process, the Court concluded that "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear." *Id.*, 395 U.S. at 726, 89 S. Ct. at 2081. The Court further concluded that those reasons must be based upon "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *Id.*

However, in *Chaffin v. Stynchcombe*, 412 U.S. 17, 93 S. Ct. 1977, 36 L. Ed. 2d 714 (1973), the Supreme Court refused to extend the *Pearce* rationale to jury sentencing. It reasoned that a jury would not know the prior sentence, "the first prerequisite of a retaliatory penalty." *Id.*, 412 U.S. at 26, 93 S. Ct. at 1982. Further, in the second trial, the punishment is not assessed by the same judicial authority whose handling of the first trial required reversal. *Id*., 412 U.S. at 27, 93 S. Ct. at 1983. The Court in *Chaffin* concluded that the rendition of a higher sentence by a jury upon retrial does not "offend the due process clause so long as the jury is not informed of the prior sentence and the second sentence is not otherwise shown to be a product of vindictiveness." *Id.*, 412 U.S. at 36, 93 S. Ct. at 1987; s*ee also Fairris v. State*, 515 S.W.2d 921, 923 (Tex. Crim. App. 1974).

The record does not indicate that the jury was informed of Appellant's sentence in his first trial. Nor is there any showing of vindictiveness by judge or jury during the second trial on

punishment. The jury assessed a penalty of imprisonment for thirty-five years, significantly lower than the sixty years assessed in his first trial. Appellant's claims are groundless, and his fourth issue is overruled.

## DISPOSITION

The judgment is *affirmed*.

**BILL BASS**
Justice

Opinion delivered September 1, 2010.
*Panel consisted of Worthen, C. J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)