MARY'S OPINION HEADING 








NO. 12-09-00313-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

JIMMIE HOWARD
FOXWORTH,             §                      APPEAL FROM THE 217TH

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                                   §                      ANGELINA
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            A
jury found Appellant Jimmie Howard Foxworth guilty of aggravated assault of a child
and assessed his punishment at imprisonment for sixty years.  Appellant alleged
ineffective assistance of counsel in a posttrial application for writ of habeas
corpus.  The Texas Court of Criminal Appeals granted the writ and remanded the
case to the trial court for a new trial on punishment.  At the new trial on
punishment, the jury assessed Appellant’s punishment at imprisonment for
thirty-five years. Appellant raises four issues on appeal.  We affirm.

 

 

Request for Complete List of

Community Supervision  Requirements in Charge

            Appellant
was eligible for community supervision.  Appellant requested in writing that all
statutory supervision conditions be provided to the jury so that, according to
his brief, the jury would have a “complete list of community supervision
requirements.”  The court’s charge included ten of the basic conditions of
community supervision under article 42.12, section 11 of the Texas Code of
Criminal Procedure, see Tex. Code
Crim. Proc. Ann. art. 42.12, § 11(a)(1)–(9), (13) (Vernon Supp.
2009), together with the general condition, “any other appropriate terms or
conditions that the court may deem appropriate.”  The charge did not include
twelve other applicable conditions set out in article 42.12, section 11 that Appellant
requested to be included in the charge.  Appellant particularly complains of
the trial court’s failure to instruct the jury regarding the provisions of article
42.12, section 9A(c).  That section provides the judge shall direct that sex
offenders be evaluated to determine the appropriateness of and course of
conduct necessary for the defendant’s treatment, specialized supervision, or
rehabilitation.  Id. art. 42.12, § 9A(c) (Vernon Supp. 2009). 
Appellant further complains of the trial court’s omission from the charge the
requirements of article 42.12, section 13B that apply to persons placed on
community supervision after conviction for offenses against children.  See id.
art. 42.12, § 13B (Vernon Supp. 2009).  Appellant also requested an instruction
regarding the application of community service to his case under article 42.12,
section 16.  See id. art. 42.12, § 16 (Vernon Supp. 2009).

Applicable
Law

            A
trial court is not required to submit the statutory terms of community
supervision in its charge on punishment.  Sanchez v. State, 243
S.W.3d 57, 69 (Tex. App.­—Houston [1st Dist.] 2007, pet. ref’d).  The failure
to enumerate all of the terms and conditions is not considered harmful to the
accused.  Id. at 69–70.  “Although the jury has no authority to
set the terms and conditions, it is helpful to enumerate in the court’s charge
the community supervision terms and conditions which the court may impose if
community supervision is recommended by the jury.”  Wade v. State,
951 S.W.2d 886, 893 (Tex. App.­­­­—Waco 1997, pet. ref’d).

Discussion

            Appellant
argues he was harmed by the trial court’s refusal to instruct the jury on all
the law applicable to the case.  The trial court’s failure to charge the jury
regarding the severe restrictions on sex offenders placed on community
supervision, he contends, undermined the relevance of the testimony regarding
those conditions and his counsel’s argument for community supervision that
relied on them.

            Overwhelming
authority supports the State’s position that the exhaustive recitation of community
supervision terms requested by Appellant is not required.  See, e.g., Sanchez,
243 S.W.3d at 69-70.  As Appellant acknowledges, his testimony dealt with the
possible terms and conditions of community supervision that could be ordered by
the trial court in the event the jury recommended community supervision. 
Appellant also called a community supervision officer who supervised sex
offenders placed on community supervision.  She discussed some of the terms and
conditions of community supervision required of convicted sex offenders in
Angelina County.  In final argument, Appellant’s counsel discussed potential
conditions of community supervision including those not included in the court’s
charge.  We believe that the court’s charge, the testimony, and argument of
counsel sufficiently informed the jury about the conditions of community
supervision applicable to sex offenders for it to render a proper verdict. 
Even assuming the trial court erred in failing to enumerate in its charge the
conditions requested, we do not believe that omission was calculated to injure
the rights of Appellant in view of the record as a whole.  See Almanza v.
State, 686 S.W.2d 157, 171-72 (Tex. Crim. App. 1984).  Error, if any,
was harmless.  Appellant’s first issue is overruled.

 

Challenges for Cause

            In
his second issue, Appellant contends the trial court erred in denying his
challenge for cause of venire members Duirden and Turner.  During the
examination of the panel, both Duirden and Turner indicated that someone close
to them had been victims of sexual assault.  When Duirden was questioned
individually, the judge asked him if he could be impartial and base his
decision on the evidence.  Duirden responded, “I think so.”  His great niece
had been a victim of child abuse six months before, but he told the court he
thought he could set the experience aside.  When Appellant’s counsel asked him
if there might be a problem, he answered, “Once the evidence is presented,
maybe.”

            Turner
had two close family members who had been victims of sexual assault.  When
questioned if he would bring the emotions engendered by that experience into
his service as a juror, he answered affirmatively.  Turner indicated that he
could consider the full range of punishment, and that he could assess a
punishment based on the evidence.

            The
trial court denied Appellant’s challenge for cause, and Appellant used two
peremptory challenges to remove Duirden and Turner from the panel.

Applicable
Law

            A
defendant may challenge any prospective juror who has a bias or prejudice
against any part of the law upon which he is entitled to rely.  Sells v.
State, 121 S.W.3d 748, 759 (Tex. Crim. App. 2003).  An appellate court
should examine the entire record to determine if there is sufficient evidence
to support the trial court’s ruling.  Id.  The test is whether
the bias or prejudice would substantially impair the prospective juror’s
ability to carry out his oath and instructions in accordance with the law.  Id. 
Before a prospective juror may be excused for cause on this basis, the law must
be explained to the prospective juror, and he must be asked if he can follow
that law regardless of his personal views.  Id.  The proponent of
a challenge for cause has the burden of establishing that his challenge is
proper.  Id.  The proponent does not meet his burden until he has
shown that the panel member understood the requirements of the law and could
not overcome that bias or prejudice sufficiently to follow it.  Id.

            When
a venireperson vacillates or equivocates on his ability to follow the law, the
reviewing court must defer to the trial court’s judgment.  Brown v. State,
913 S.W.2d 577, 580 (Tex. Crim. App. 1996); Roberts v. State, 139
S.W.3d 1, 3 (Tex. App.—Tyler 2003, pet. ref’d).

            Duirden
told the court that he believed he could be impartial and base his decision on
the evidence, although he conceded that it might be a problem to lay aside his
experience once he had heard the evidence.  Moore told the court that he
believed he could consider the full range of punishment.  When questioned by
Appellant’s counsel, Moore said that he would do his best but could not
guarantee that his personal feelings would not affect his judgment.  From the
cold record, both Duirden’s and Moore’s responses must be characterized as
somewhat equivocal.  The trial judge, however, observed their demeanor and the
tenor of their responses, an advantage denied a reviewing court.  Therefore, we
must defer to the trial court’s judgment.  See Brown, 913 S.W.3d
at 580.  Appellant’s second issue is overruled.

 

 

Evidence of Prior Conviction Under the Federal Youth
Corrections Act

            In
his third issue, Appellant complains the trial court erred in allowing evidence
of his conviction under the Federal Youth Corrections Act for interstate
transport of a stolen vehicle.  See 18 U.S.C. §§ 5005-5026 (repealed
1984).  He also argues that at the time of his commitment, a commitment under
the act was not a “sentence of confinement.”

            In
his motion in limine, Appellant asked the trial court to exclude any evidence
of his conviction under the act.  When he was seventeen, Appellant stole a
vehicle in Washington State and drove it across the state line.  He was
arrested, and was given jail time and a probated sentence.  His case was
dismissed upon completion of his probation.

            Prior
to Appellant’s testimony, the trial court held a hearing outside the presence
of the jury to consider Appellant’s objection to the admission of evidence of
his conviction under the Federal Youth Corrections Act.  The trial court found
the evidence relevant to the issue of punishment and admissible.  Appellant
then argued that the prejudicial effect of evidence of the conviction substantially
outweighed its probative value.  The court overruled Appellant’s objection.

            Appellant
testified before the jury that he had never been convicted of a felony in any
state and that he was eligible for community supervision.  On cross examination,
the prosecutor questioned Appellant regarding his commitment for an indefinite
term for treatment and supervision under the Federal Youth Corrections Act for
stealing cars.  

Standard
of Review and Applicable Law

            A
trial court’s decision to admit or exclude evidence is reviewed for abuse of
discretion.  Powell v. State, 63 S.W.3d 435, 438 (Tex. Crim. App.
2001).  A trial court does not abuse its discretion as long as its decision to
admit or exclude evidence is “within the zone of reasonable disagreement.”  Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh’g).

            In
addition to the rules of evidence, Texas Code of Criminal Procedure article
37.07, section 3 governs the admission of evidence at the punishment stage.  It
states, in pertinent part, as follows:

 

 

Sec. 3.  Evidence of prior
criminal record in all criminal cases after a finding of guilty.

 

(a)(1) Regardless of the plea and
whether the punishment be assessed by the judge or the jury, evidence may be
offered by the state and the defendant as to any matter the court deems
relevant to sentencing, including but not limited to the prior criminal record
of the defendant, his general reputation, his character, an opinion regarding
his character, the circumstances of the offense for which he is being tried,
and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other
evidence of an extraneous crime or bad act that is shown beyond a reasonable
doubt by evidence to have been committed by the defendant or for which he could
be held criminally responsible, regardless of whether he has previously been
charged with or finally convicted of the crime or act.  A court may consider as
a factor in mitigating punishment the conduct of a defendant while participating
in a program under Chapter 17 as a condition of release on bail.  Additionally,
notwithstanding Rule 609(d), Texas Rules of Evidence, and subject to Subsection
(h), evidence may be offered by the state and the defendant of an adjudication
of delinquency based on a violation by the defendant of a penal law of the
grade of:

  (A) a felony; or

  (B) a misdemeanor punishable by
confinement in jail.

 

 

Tex. Code Crim. Proc. Ann. art.
37.07, § 3(a)(1) (Vernon Supp. 2009).

            Evidence
relevant to the issue of punishment is evidence “helpful to the jury in
determining the appropriate sentence for a particular defendant in a particular
case.”  Rogers v. State, 991 S.W.2d 263, 265 (Tex. Crim. App.
1999).  Relevant evidence “may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice. . . .”  Tex. R. Evid. 403.  “Unfair prejudice
does not . . . mean that the evidence injures the [defendant’s] case.”  Rogers,
991 S.W.2d at 266.  Rather it refers to “an undue tendency to suggest decision
on an improper basis, commonly, though not necessarily, an emotional one.”  Id.

Discussion

            Texas
appellate courts have held admissible, during the punishment phase, a deferred
adjudication order, Brown v. State, 716 S.W.2d 939, 949 (Tex.
Crim. App. 1986), a case previously dismissed, Clewis v. State,
222 S.W.3d 460, 464 (Tex. App.–Tyler 2007, pet. ref’d), evidence of four prior unadjudicated
juvenile offenses,  Strasser v. State, 81 S.W.3d 468, 469 (Tex.
App.–Eastland 2002, pet. ref’d), an out-of-state juvenile conviction, Montes
v. State, 870 S.W.2d 643, 648-49 (Tex. App.—El Paso 1994, no pet.), and
a completed probation after deferred adjudication, Verrett v. State,
648 S.W.2d 712 (Tex. App.–Beaumont 1982, pet. ref’d).  For purposes of
admissibility at the punishment phase, we see no distinction between these
sentences and Appellant’s 1970 conviction under the Federal Youth Corrections
Act.  The trial court did not err in concluding that Appellant’s 1970
conviction under the Federal Youth Corrections Act was relevant to the jury’s
determination of an appropriate punishment and admissible under article 37.07,
section 3(a).  

            Moreover,
we do not believe the probative value of the evidence of the conviction was
substantially outweighed by the danger of unfair prejudice to Appellant.  The
trial court did not abuse its discretion in overruling Appellant’s rule 403
objection.  Appellant’s third issue is overruled.

 

 

Range of Punishment

            In
his first trial, the jury assessed Appellant’s punishment at imprisonment for
sixty years.  The court’s charge in the second trial permitted the jury to
assess a punishment at any term of years not less than five nor more than
ninety-nine, or life.  Appellant claims that in submitting an instruction that
allowed the jury to assess a punishment greater than he received in his first
trial, the trial court “denied [him] a fair trial under Article I, §§ 10, 13,
19 of the Texas Constitution, Fifth and Sixth Amendments of the United States
Constitution and Articles 1.04 and 1.05 of the Texas Code of Criminal
Procedure.”

In
North Carolina v. Pearce, 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed.
2d 656 (1969), the Supreme Court placed limitations on the imposition of higher
sentences by judges on retrials following reversals of prior convictions.  The
court held due process requires that convicted defendants be freed of the fear
of a higher sentence on retrial as punishment for successfully exercising their
right to appeal.  Id., 395 U.S. at 725, 89 S. Ct. at 2080.  In
order to guard against vindictiveness in the resentencing process, the Court
concluded that “whenever a judge imposes a more severe sentence upon a
defendant after a new trial, the reasons for his doing so must affirmatively
appear.”  Id., 395 U.S. at 726, 89 S. Ct. at 2081.  The Court further
concluded that those reasons must be based upon “objective information
concerning identifiable conduct on the part of the defendant occurring after
the time of the original sentencing proceeding.”  Id. 

            However,
in Chaffin v. Stynchcombe, 412 U.S. 17, 93 S. Ct. 1977, 36 L. Ed.
2d 714 (1973), the Supreme Court refused to extend the Pearce rationale
to jury sentencing.  It reasoned that a jury would not know the prior sentence,
“the first prerequisite of a retaliatory penalty.”  Id., 412 U.S.
at 26, 93 S. Ct. at 1982.  Further, in the second trial, the punishment is not
assessed by the same judicial authority whose handling of the first trial
required reversal.  Id., 412 U.S. at 27, 93 S. Ct. at 1983.  The
Court in Chaffin concluded that the rendition of a higher
sentence by a jury upon retrial does not “offend the due process clause so long
as the jury is not informed of the prior sentence and the second sentence is
not otherwise shown to be a product of vindictiveness.”  Id., 412
U.S. at 36, 93 S. Ct. at 1987; see also Fairris v. State, 515
S.W.2d 921, 923 (Tex. Crim. App. 1974).

            The
record does not indicate that the jury was informed of Appellant’s sentence in
his first trial.  Nor is there any showing of vindictiveness by judge or jury
during the second trial on punishment.  The jury assessed a penalty of imprisonment
for thirty-five years, significantly lower than the sixty years assessed in his
first trial.  Appellant’s claims are groundless, and his fourth issue is
overruled.

 

Disposition

            The
judgment is affirmed.

                                                                                                Bill Bass

                                                                                                   
Justice

 

 

 

 

Opinion delivered September 1, 2010.

Panel
consisted of Worthen, C. J., Hoyle, J., and Bass, Retired J., Twelfth Court of
Appeals, sitting by assignment.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)