Karlton Dwayne McMILLAN, Appellant,

v.

STATE of Texas, Appellee.

No. 11–95–107–CR.

Court of Appeals of Texas, Eastland.

June 27, 1996.

Rehearing Overruled Aug. 1, 1996.

Travis D. Shelton, Shelton & Jones, Lubbock, for appellant.

Dana Cooley, Dist. Atty., Snyder, for appellee.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

DICKENSON, Judge.

The jury convicted Karlton Dwayne McMillan of five felony offenses, indecency

with a child[1] on five different days,[2] and assessed his punishment at confinement for a term of 15 years for each offense.[3] We affirm.

### Background Facts

Appellant, his wife, and their son were close friends and relatives to the family of the complainant, a nine-year-old girl that appellant was charged with having engaged in sexual contact. While the complainant's father was between jobs, appellant and his wife invited him to bring his children and to stay in their home while the complainant's father was locating a home. The complainant's mother had to finish her job in another town before joining them. There were several days when the father and the children stayed in appellant's home. It was during this period that the offenses began, and they continued when the complainant would visit in appellant's home on other occasions.

The complainant reported the offenses to her maternal grandmother while she was visiting with her in another town. The complainant explained that she had not reported the offenses to anyone before then because she was afraid that no one would believe her and also because of the close friendship between her mother and appellant's wife and the complainant's close friendship with appellant's son.

The complainant testified at trial as to the details of the five offenses, and appellant also testified. Appellant swore that none of the offenses occurred. There was no issue about accidental or innocent touching. The dispute was whether appellant ever touched the complainant's private parts with his hand. Appellant said that none of the charged offenses ever happened, and the complainant said that he was persistent in touching and rubbing her there. The complainant's parents believed her, and appellant's wife and mother believed him. The jury resolved the factual

dispute, and there is sufficient evidence to support the verdict.

### Points of Error

Appellant presents three points of error, arguing that the trial court erred:

(1) in overruling appellant's timely objections to the Court's charge to the jury on the guilt or innocence stage which failed to properly apply the law to the facts of the case.

(2) in failing to grant the appellant's motion for mistrial because of prejudicial, manifestly *improper* and *harmful* jury argument by the State's attorney during the guilt or innocent stage.

(3) in allowing testimony during the punishment phase of the trial concerning an unadjudicated prior offense, allegedly committed when defendant was a juvenile.

### Error in Charge

As to each of the five offenses, the trial court gave the following charge to the jury:

Now if you find from the evidence beyond a reasonable doubt that on or about [each of the five dates] in Scurry County, Texas, the defendant, Karlton Dwayne McMillan, *did then and there engage in sexual contact with E.M.* by touching the genitals of E.M. and that E.M. was then and there under the age of seventeen years and not the spouse of the defendant, and that said act, if any, was *committed with the intent on the part of the defendant to arouse or gratify the sexual desire of himself,* then you will find the defendant guilty as charged. (Emphasis added)

Appellant argues that the trial court committed reversible error in overruling his objection to the charge because the charge failed to contain the words "intentionally and knowingly" immediately before the words "engage

---

1. See TEX. PENAL CODE ANN. § 21.11(a)(1) (Vernon 1994) which defines the offense (engaging in "sexual contact" with a child) and declares it to be a felony of the second degree.

2. The five offenses were alleged to have occurred on: March 13, 1994; April 13, 1994; May 11, 1994; May 25, 1994; and July 24, 1994.

3. The sentences run concurrently. See TEX. PENAL CODE ANN. § 3.03 (Vernon Supp.1996). The 1995 amendment does not apply to these sentences.

in sexual contact with E.M." We will assume that appellant's objection was sufficiently specific under *Almanza v. State,* 686 S.W.2d 157 at 171 (Tex.Cr.App.1985), to preserve his complaints of "ordinary reversible error" as distinguished from the more difficult complaint of "egregious harm." *Almanza* states:

> If the error in the charge was the subject of a timely objection in the trial court, then reversal is required if the error is "calculated to injure the rights of defendant," which means no more than that there must be *some* harm to the accused from the error. In other words, an error which has been properly preserved by objection will call for reversal as long as the error is not harmless. (Emphasis in original)

The Court of Criminal Appeals also instructs us in *Almanza* that, as to both fundamental [egregious] error and ordinary reversible error, the actual degree of harm must be evaluated:

> [I]n light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.

In order to convict under the charge which was given, the jury was required to find beyond a reasonable doubt that appellant engaged in sexual contact with the complainant "with the intent" to arouse or gratify his sexual desire. The jury could not have found such an intent unless it believed that appellant knowingly or intentionally engaged in sexual contact with the complainant. There was no contested issue as to innocent contact. The only contested issue was whether or not appellant had rubbed the complainant's private parts. After reviewing all of the testimony and all of the jury arguments, this court has determined that the error was not "calculated to injure the rights" of appellant and that he had a "fair and impartial trial." See TEX. CODE CRIM. PRO. ANN. art. 36.19 (Vernon 1981) and Almanza v. State, supra. The first point of error is overruled.

### Jury Argument by District Attorney

In his argument under Point of Error No. 2, appellant refers to this portion of the district attorney's argument to the jury during the guilty or not guilty stage of trial:

Ladies and Gentlemen, to find Karlton McMillan not guilty, you have to tell [E], this precious little girl, that you don't believe her, that she lied, and that she was right from the beginning. It would be better for her to just sit there and take this fondling because she's a kid and he's an adult. You have to tell her, "I don't believe you." And then you have to go home and tell your child or your grandchild —

[DEFENSE COUNSEL]: Your Honor, I object to that as being outside of the Record and highly prejudicial and —

[PROSECUTOR]: It's calling for law and order.

[DEFENSE COUNSEL]: — ask that the Jury not consider that statement for any purpose about what they could go home and tell their grandchildren —

THE COURT: This is jury argument.

[DEFENSE COUNSEL]: — highly improper.

THE COURT: This is jury argument. I will overrule the objection.

\*     \*     \*     \*     \*     \*

*I will instruct the Jury that what either one of the attorneys say is not evidence. The evidence is what you heard from the witness stand.*

[PROSECUTOR]: Thank you, Judge. You send a message to your own children, to your own grandchildren, "Don't tell. If somebody does something to you improperly, don't tell."

[DEFENSE COUNSEL]: Your Honor, may I have a continuing objection to this line that I —

THE COURT: Yes.

\*     \*     \*     \*     \*     \*

[PROSECUTOR]: You send a message: "There's no sense telling. It would be better for you to endure this indignity than to have to get on the stand and have strangers ask you the most intimate details that you as adults don't even want to talk about among other people that you don't

know and be embarrassed and be called a liar. It would be better for you to suffer the indignity because they're not going to believe you. We're not going to believe you because you're a child and we're adults."

You might as well tell every child in this town, in this community, in this state, "Don't tell." Go back to when Mr. Shelton was a child. Don't tell. Because that's what your verdict that lets this man free, lets him off for what he did, that's what your verdict means.

\* \* \* \* \* \*

[DEFENSE COUNSEL]: Before the Jury retires, may I respectfully again request for the Record to reflect that you instruct the Jury that they not consider for any purpose the argument that the Prosecuting Attorney made concerning the responsibility that they have about talking to their daughters and grandchildren and all the children in this County....

THE COURT: *I'll so instruct the Jury not to consider the remark about telling the grandparents—grandchildren that sort of thing. The Jury will be instructed to disregard that.*[4] (Emphasis added)

The State argues in its brief that the district attorney's jury argument was proper because: it was a response to opposing counsel's jury argument; it was a plea for law enforcement; and it was a reasonable deduction and summation of the evidence. The State cites *Modden v. State,* 721 S.W.2d 859, 862 (Tex.Cr.App.1986), and *Alejandro v. State,* 493 S.W.2d 230 (Tex.Cr.App.1973).

Appellant testified that he did not "fondle or caress the genitals" of the complainant and that she was "telling a lie" when she described what she said that he had done. Appellant placed the complainant's testimony in dispute; she had explained that her delay in reporting the offenses was because of her fear that people would believe him instead of her.

■ The trial court did not err in overruling the motion for mistrial. The trial court instructed the jury that what the attorneys said was not evidence, and the trial court further instructed the jury to disregard the remark about the grandchildren. An instruction to disregard generally cures error during closing argument unless the argument is so inflammatory that its prejudicial effect cannot reasonably be removed by such an admonition. *Hernandez v. State,* 819 S.W.2d 806 at 820 (Tex.Cr.App.1991), *cert. den'd,* 504 U.S. 974, 112 S.Ct. 2944, 119 L.Ed.2d 568 (1992). We hold that the trial court's instructions cured any error. Furthermore, the remainder of the district attorney's argument was a proper plea for law enforcement under *Borjan v. State,* 787 S.W.2d 53 (Tex. Cr.App.1990). In *Borjan,* the prosecutor asked the jury to think about the other children who are victims of sexual assault "who never come forward, who can't stand to tell everybody about it." *Borjan v. State,* supra at 54. The second point of error is overruled.

### Punishment Phase—Prior Offense

■ Appellant complains that the trial court erred in allowing the State to call his sister as a witness during the punishment phase of trial to prove that he had fondled her when she was eleven years old. Appellant was fifteen years old when his sister was eleven. Appellant testified after his sister, and he said: "I deny each and every one of her allegations." The relevant portions of the sister's testimony are:

Q: [A]re you related to the Defendant in this case?

A: Yes.

Q: And how are you related?

A: He's my brother.

Q: [KF], would you tell me, please, have you ever been sexually assaulted?

A: Yes, I have.

Q: And who sexually assaulted you?

A: Karlton.

Q: Would you tell me, did this occur one time or more than one time?

A: More than one time.

---

4. Appellant's attorney also moved for mistrial on the basis that the argument was so highly prejudicial that it was not cured by the court's instruction to disregard. That motion was denied.

Q: When did this first occur to you, [KF]?

A: When I was about eleven.

Q: And tell me, please, what you mean when you say you were about eleven you were sexually assaulted by your brother?

A: I mean that he fondled me.

\* \* \* \* \* \*

Q: When you say fondling you, I apologize, but I must ask you to please tell me specifically what you mean that he did?

A: He felt of my breasts with his hands and then he had me to lay down and spread my legs apart and he started fondling my vagina.

Q: Did he place his hand on your vagina?

A: Yes.

Q: Did he leave it there still or did he move it?

A: No, he moved it.

Q: All right. What did you do, [KF]?

A: I didn't do anything. I was scared.

Q: Did he ever do that to you again?

A: Yes.

\* \* \* \* \* \*

Q: And would you describe to us, please, where and when and the circumstances under which this would occur?

A: It was usually in our house and other family members were in the den watching TV.

\* \* \* \* \* \*

Q: When he did so, did he undress you?

A: No. Sometimes he would just lay down in my bed and put his hands into my panties or just over them.

\* \* \* \* \* \*

Q: Did you tell anyone else in your family?

A: No, I did not.

Q: Why not?

A: Because they wouldn't have believed me.

Q: Because you were a child?

A: Probably.

\* \* \* \* \* \*

Q: [Y]ou told us a little bit earlier that you didn't tell anybody. What made you decide to tell?

A: The day that [the father of the complainant] came by and was asking me questions and he finally told me what had happened to [the complainant] and I told [him] and that was the first person I had ever told.

Q: Why did you tell him then?

A: Because I wanted him to know that I was supporting them or [the complainant]. I was supporting [the complainant] because I had been through the same thing.

Appellant argues in his third point of error that the trial court erred in allowing this evidence. We disagree. The evidence of appellant's prior unadjudicated juvenile offense was admissible under TEX. CODE CRIM. PRO. ANN. art. 37.07, § 3(a) (Vernon Supp.1996) which provides in part:

> Regardless of the plea and whether the punishment be assessed by the judge or the jury, *evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing,* including but not limited to ... any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant.

See and compare the concurring opinion by Presiding Judge McCormick in *Beasley v. State,* 902 S.W.2d 452 at 457 (Tex.Cr.App. 1995). The third point of error is overruled.

The judgment of the trial court is affirmed.