**Richard Brian STRASSER, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–01–00086–CR.**

Court of Appeals of Texas,
Eastland.

June 27, 2002.

Kirby J. Roberts, Brownwood, for appellant.

Skylar B. Sudderth, Dist. Atty., Brownwood, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

TERRY McCALL, Justice.

Appellant pleaded guilty to the offenses of aggravated assault on a public servant and attempted escape. Punishment was tried before a jury. The jury assessed punishment at 25 years confinement and a $5,000 fine for aggravated assault and 15 years confinement and a $2,500 fine for attempted escape. In four points of error, appellant argues that the trial court erred in admitting four prior unadjudicated juvenile offenses during the punishment phase. We affirm.

Relying on *McMillan v. State*, 926 S.W.2d 809, 813 (Tex.App.-Eastland 1996, pet'n ref'd), the trial court held that the unadjudicated juvenile offenses were admissible. Appellant argues that the trial court erred in admitting the prior unadjudicated juvenile offenses because TEX. CODE CRIM. PRO. ANN. art. 37.07, § (3)(a) (Vernon Supp.2002), as amended, contains clear and unambiguous language excluding unadjudicated juvenile offenses from admissibility. Appellant specifically asks us to revisit our *McMillan* decision.

In *McMillan*, the State called appellant's sister to testify at the punishment phase concerning a prior unadjudicated juvenile offense which was alleged to have been committed by appellant. The sister testified that appellant had fondled her when she was 11 years old. Appellant argued that the trial court erred in allowing evidence of that prior unadjudicated juvenile offense to be admitted at trial. The *McMillan* court held that the evidence was admissible under Article 37.07, section (3)(a), which provides:

Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including ... any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

In this appeal, appellant argues that our *McMillan* decision did not address the following limiting language in Article 37.07, section (3)(a):

Additionally, notwithstanding Rule 609(d), Texas Rules of Evidence, and subject to Subsection (h), evidence may be offered by the state and the defendant of an adjudication of delinquency based on a violation by the defendant of a penal law of the grade of:

(A) a felony; or

(B) a misdemeanor punishable by confinement in jail.

We do not read the quoted provision as limiting language. The same argument made by appellant in this case was rejected in *Rodriguez v. State*, 975 S.W.2d 667 (Tex.App.-Texarkana 1998, pet'n ref'd). The *Rodriguez* court pointed out:

Article 37.07, § 3 allows evidence of an adjudication of delinquency under certain circumstances *in addition* to the provision quoted above providing for the admissibility of other evidence of extraneous crimes or bad acts. Evidence of a defendant's prior unadjudicated juvenile offense is admissible under Article 37.07, § 3(a) so long as the requirements set out in the article are met. (Emphasis in original)

Id. at 687.

The general language of Article 37.07, section (3)(a) clearly permits the State to

offer evidence of extraneous crimes or bad acts during the sentencing phase of the trial if the court deems the evidence relevant to sentencing. Prior to admission of the evidence of appellant's prior unadjudicated juvenile offenses, the trial court below held a hearing outside the presence of the jury. At the end of the hearing, the trial court found the evidence to be relevant to the issue of punishment and, citing *McMillan,* ruled that the evidence was admissible. The court then reminded the State:

> Now, I would caution the State's counsel that if you're going into these other bad acts, you are going to have to establish beyond a reasonable doubt that the Defendant is the one who did it and prove that identity. You didn't go into all the detail in the hearing outside the jury's presence, perhaps, in that regard, but you will have to establish that. I think that you can, based on what I've heard already.

The court's charge instructed the jury that it should not consider the evidence until it was satisfied beyond a reasonable doubt that the defendant had committed the extraneous bad acts and offenses. See *Huizar v. State,* 12 S.W.3d 479 (Tex.Cr.App. 2000).

We hold that the trial court did not err in admitting evidence of appellant's prior unadjudicated offenses. *McMillan v. State,* supra. Appellant's four points are overruled.

### This Court's Ruling

The judgment of the trial court is affirmed.