11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Richard Brian Strasser

Appellant

Vs.                   No.
11-01-00086-CR B Appeal from Brown County

 

State of Texas

Appellee

 

Appellant
pleaded guilty to the offenses of aggravated assault on a public servant and
attempted escape.  Punishment was tried
before a jury.  The jury assessed
punishment at 25 years confinement and a $5,000 fine for aggravated assault and
15 years confinement and a $2,500 fine for attempted escape.  In four points of error, appellant argues
that the trial court erred in admitting four prior unadjudicated juvenile
offenses during the punishment phase. 
We affirm.

Relying on
McMillan v. State, 926 S.W.2d 809, 813 (Tex.App. -  Eastland 1996, pet=n ref=d), the trial court held that the
unadjudicated juvenile offenses were admissible.  Appellant argues that the trial court erred in admitting the
prior unadjudicated juvenile offenses because TEX. CODE CRIM. PRO. ANN. art.
37.07, ' (3)(a) (Vernon Supp. 2002), as amended,
contains clear and unambiguous language excluding unadjudicated juvenile
offenses from admissibility.  Appellant
specifically asks us to revisit our McMillan decision. 

In McMillan,
the State called appellant=s sister to testify at the punishment phase concerning a prior
unadjudicated juvenile offense which was alleged to have been committed by
appellant.  The sister testified that
appellant had fondled her when she was 11 years old.  Appellant argued that the trial court erred in allowing evidence
of that prior unadjudicated juvenile offense to be admitted at trial.  The McMillan court held that the
evidence was admissible under Article 37.07, section (3)(a), which provides:








Regardless
of the plea and whether the punishment be assessed by the judge or the jury,
evidence may be offered by the state and the defendant as to any matter the
court deems relevant to sentencing, including...any other evidence of an
extraneous crime or bad act that is shown beyond a reasonable doubt by evidence
to have been committed by the defendant or for which he could be held
criminally responsible, regardless of whether he has previously been charged
with or finally convicted of the crime or act.

 

In this
appeal, appellant argues that our McMillan decision did not address the
following limiting language in Article 37.07, section (3)(a):

Additionally, notwithstanding Rule 609(d),
Texas Rules of Evidence, and subject to Subsection (h), evidence may be offered
by the state and the defendant of an adjudication of delinquency based on a
violation by the defendant of a penal law of the grade of: 

 

(A) a felony; or

 

(B) a misdemeanor
punishable by confinement in jail.  

 

We do not
read the quoted provision as limiting language.  The same argument made by appellant in this case was rejected in
Rodriguez v. State, 975 S.W.2d 667 (Tex.App. B Texarkana 1998, pet=n ref=d). 
The Rodriguez court pointed out:

Article
37.07, ' 3 allows evidence of an adjudication of
delinquency under certain circumstances in addition to the provision
quoted above providing for the admissibility of other evidence of extraneous
crimes or bad acts.  Evidence of a
defendant=s prior unadjudicated juvenile offense is
admissible under Article 37.07, ' 3(a) so long as the requirements set out in the article are met.  (Emphasis in original)  

 

Id. at 687.

The
general language of Article 37.07, section (3)(a) clearly permits the State to
offer evidence of extraneous crimes or bad acts during the sentencing phase of
the trial if the court deems the evidence relevant to sentencing.  Prior to admission of the evidence of
appellant=s prior unadjudicated juvenile offenses, the
trial court below held a hearing outside the presence of the jury.  At the end of the hearing, the trial court
found the evidence to be relevant to the issue of punishment and, citing McMillan,
ruled that the evidence was admissible. 
The court then reminded the State:

Now, I
would caution the State=s counsel that if you=re going into these other bad acts, you are going to have to establish
beyond a reasonable doubt that the Defendant is the one who did it and prove
that identity.  You didn=t go into all the detail in the hearing
outside the jury=s presence, perhaps, in that regard, but you
will have to establish that.  I think
that you can, based on what I=ve heard already.








The court=s charge instructed the jury that it should
not consider the evidence until it was satisfied beyond a reasonable doubt that
the defendant had committed the extraneous bad acts and offenses. See Huizar v.
State, 12 S.W.3d 479 (Tex.Cr.App.2000).

We hold
that the trial court did not err in admitting evidence of appellant=s prior unadjudicated offenses.  McMillan v. State, supra.  Appellant=s four points are overruled.

This
Court=s Ruling

The judgment of the trial
court is affirmed.

 

TERRY McCALL

JUSTICE

June 27, 2002

Publish. 
See TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J.,
and

Wright, J., and McCall, J.