Opinion filed May 22, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed May 22, 2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00260-CR 

                                                     __________

 

                                     MARTIN
MENDOZA, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 238th District Court 

                                                        Midland
County, Texas

                                                 Trial
Court Cause No. CR31096

 



 

                                             M
E M O R A N D U M   O P I N I O N

The
jury convicted Martin Mendoza of two counts of aggravated sexual assault of a
child and one count of indecency with a child.  The jury assessed his
punishment at sixty years confinement for each aggravated sexual assault
conviction and twenty years confinement for the indecency with a child
conviction.  The trial court set the two sixty-year sentences to run
concurrently and the twenty-year sentence to run consecutively.  We affirm.

                                                              I.
Background Facts








L.B.
was an eight-year-old girl who lives with her grandparents and two brothers. 
The police were called to L.B.=s
residence to assist with a call for medical service.  When Officer Jesus
Robledo arrived, L.B.=s
thirteen-year-old brother D.P. ran out of the house.  Officer Robledo stopped
him, and D.P. yelled, ATake
me to jail, take me to jail.@ 
Officer Robledo investigated and learned that D.P. and his sister had undressed
and that he was going to have sex with her but was unable to do so.

Detective
Joe Rogers participated in the investigation.  He concluded that D.P. did not
know what sex was and that he had not penetrated his sister.  However, during a
conversation with L.B., she told him that her father, Mendoza, had sexually
assaulted her.  Detective Rogers contacted CPS, and the child was taken to the
Child Advocacy Center.  L.B. told a forensic interviewer that her father had
forced her to rub his private part and that he had stuck his private part in
her private part and in her behind.  Detective Rogers took L.B. to the hospital
for a SANE examination.[1]  The SANE
nurse found a notch in L.B.=s
hymen that was consistent with a penetration more than seventy-two hours prior
to the exam.

                                                               II.
Issues on Appeal

Mendoza
challenges his conviction with six issues.  He argues that his conviction for
indecency with a child is supported by legally insufficient evidence and that
there is insufficient evidence to treat it as a separate crime from the
aggravated sexual assault allegations.  He also argues that the trial court
incorrectly defined Aintentionally@ and Aknowingly@ in the court=s charge.

                                                                     III.
Analysis

A.
Legal Sufficiency.

To
convict Mendoza of indecency with a child, the State was required to prove
that, with the intent to arouse or gratify the sexual desire of any person, he
exposed his genitals to a child younger than seventeen.  Tex. Penal Code Ann. ' 21.11 (Vernon 2003). 
Mendoza concedes that there was evidence that he made L.B. touch his penis and
move her hand up and down.  He argues, however, that there was no evidence that
this was done to arouse or gratify anyone=s
sexual desire.








To
determine if the evidence is legally sufficient, we review all of the evidence
in the light most favorable to the verdict and determine whether any rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); Jackson
v. State, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000).  The factfinder is the
sole judge of the credibility of the witnesses and the weight to be given their
testimony.  Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App.
1992).  The factfinder may choose to believe or disbelieve all or any part of
any witness=s
testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

The
jury can infer the requisite intent to arouse or gratify from conduct, remarks,
and the surrounding circumstances.  See McKenzie v. State, 617 S.W.2d
211, 216 (Tex. Crim. App. 1981).  No oral expression of intent or visible
evidence of sexual arousal is necessary.  See Scott v. State, 202 S.W.3d
405, 408 (Tex. App.CTexarkana
2006, pet. ref=d). 
Courts have found sufficient evidence of intent based upon the defendant=s conduct alone in a number
of circumstances.[2]

L.B.
testified that her father would sometimes grab her when she went to the
bathroom by his bedroom and that he would take her to bed.  He would take her
clothes off and touch her private part.  On at least one occasion, he grabbed
her hand, made her put it on his private part, and then made her move her hand
up and down.

Viewing
the evidence in the light most favorable to the verdict, a rational juror could
have concluded beyond a reasonable doubt that Mendoza=s intent was to arouse or gratify his own
sexual desire.  Indeed, there is no other logical explanation for his conduct. 
Issue one is overruled.

B.
Double Jeopardy.

Mendoza=s second issue raises a
double jeopardy claim.  Mendoza argues that there is insufficient evidence to
justify treating the indecency allegation as a separate offense because it and
the aggravated assault allegations arise from the same incident.  Mendoza
acknowledges that this complaint was not raised in the trial court and,
therefore, that he must show that the undisputed facts show the double jeopardy
violation is clearly apparent on the face of the record and that enforcement of
the usual rules of procedural default serve no legitimate state interest.  Gonzalez v.
State, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000).








Because
Mendoza stood trial for all three offenses in the same trial, the record is
fully developed.  The trial court knew or should have known of a potential
jeopardy issue.  Saenz v. State, 131 S.W.3d 43, 50 (Tex. App.CSan Antonio 2003), aff=d, 166 S.W.3d 270 (Tex.
Crim. App. 2005).   Accordingly, Mendoza has satisfied the first prong of the Gonzalez
test.  With respect to the second prong, we believe enforcement of the usual
procedural default rules would serve no legitimate state purpose.  The
appropriate remedy for any double jeopardy violation is to vacate one of the
convictions.  Id.  As a matter of state law, we are required to retain
the conviction with the most serious punishment and vacate any remaining
convictions that are the same for double jeopardy purposes.  Id.  A
successful double jeopardy challenge in this case would not require a retrial
or even a remand to the trial court.  There are, therefore, no legitimate state
interests that would be negatively impacted if Mendoza is allowed to raise his
double jeopardy claim for the first time on appeal.

The
double jeopardy clause of the Fifth Amendment to the United States Constitution
provides that no person shall Abe
subject for the same offense to be twice put in jeopardy of life or limb.@  U.S. Const. amend. V.  Among the protections afforded by this
provision is the protection from multiple punishments for the same offense.  Langs
v. State, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006).  Mendoza contends
that this protection is implicated because indecency with a child is a lesser
included offense of aggravated sexual assault and the evidence establishes that
the conduct giving rise to the indecency allegation is the same conduct that
constitutes one of the aggravated assault allegations.

 L.B.,
however, consistently described three separate incidents.  Juan Urias, a
forensic interviewer for the Midland Rape Crisis and Children=s Advocacy Center,
interviewed L.B.  The interview was videotaped, and the video was played for
the jury.  During the interview, L.B. described three separate incidents of
abuse.  L.B. told Urias that her father placed his private part in her vagina
and in her anus and that he made her place her hand on his private part.  At
trial, she testified that her father would grab her when she went to the
restroom near his bedroom and take her to bed with him.  She described how he
put his private part inside hers and inside her behind.  She also told the jury
that her father grabbed her hand, made her put it on his private part, and then
made her rub it up and down.  She demonstrated for the jury what her father
made her do with her hand.

This
is sufficient evidence to establish that the indecency conduct represents a
separate offense and that Mendoza=s
double jeopardy rights have not been violated.  Issue two is overruled.

 








C.
Charge Error.

Mendoza
complains that the trial court erred by defining the culpable mental states of
intentionally and knowingly as both a result of conduct and a nature of conduct
element.  We will analyze the trial court=s
charge on the indecency and aggravated sexual assault allegations separately.

1. Indecency With a Child.

Three
conduct elements may be involved in an offense: (1) the nature of the conduct;
(2) the result of the conduct; or (3) circumstances surrounding the conduct.  Tex. Penal Code Ann. ' 6.03 (Vernon 2003).  The
jury charge defined Aintentionally@ and Aknowingly@ as follows:

A
person acts intentionally, or with intent, with respect to the nature of his
conduct or to a result of his conduct when it is his conscious objective or
desire to engage in the conduct or cause the result.

 

A
person acts knowingly, or with knowledge, with respect to the nature of his
conduct or to circumstances surrounding his conduct when he is aware of the
nature of his conduct or that the circumstances exist.  A person acts
knowingly, or with knowledge, with respect to a result of his conduct when he
is aware that his conduct is reasonably certain to cause the result.

 

Indecency
with a child is a nature of conduct offense.  Caballero v. State, 927
S.W.2d 128, 130-31 (Tex. App.CEl
Paso 1996, pet. ref=d). 
The charge, therefore, should not have included the result of conduct language
in its definitions.  This is not error if the application paragraph correctly
states the elements of the offense.  Washington v. State, 930 S.W.2d
695, 699-700 (Tex. App.CEl Paso
1996, no pet.).  The charge instructed the jury:

According
to these instructions and definitions, you will find the Defendant guilty of
the offense of INDECENCY WITH A CHILD as alleged in Count III of the indictment
if you find and believe from the evidence beyond a reasonable doubt that the
Defendant, MARTIN MENDOZA, on or about the 16th day of November,
2002 through the 16th day of November, 2004, in the County of
Midland and State of Texas, as alleged in the indictment did then and there
with the intent to arouse and gratify the sexual desire of the said MARTIN
MENDOZA, engage in sexual contact with [L.B.], a child younger than 17 years of
age and not the spouse of the said MARTIN MENDOZA, by then and there causing
and aiding the said [L.B.], an innocent and non-responsible person, to touch a
part of the genitals of the said MARTIN MENDOZA.

 








Mendoza
contends that this instruction did not cure the error because it fails to
specify the required culpable mental state.  Mendoza acknowledges that he must
show egregious harm because he did not object to the charge at trial.  Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).  He contends that
egregious harm is shown because he received a twenty-year sentence for
indecency by contact merely by engaging in contact with L.B.

The
risk of an improper instruction is that it allows the jury to wrongfully
convict the defendant or to punish him for noncriminal conduct.  That risk was
not present in this case.  The jury either believed L.B.=s accusation that her father made her touch
and rub his penis or it did not.  There were no other fact questions B such as accident or
mistake B that made a
distinction between result or conduct behavior relevant.  Cf. McMillan v.
State, 926 S.W.2d 809, 811 (Tex. App.CEastland
1996, pet. ref=d)
(assuming jury charge in indecency with a child case was incorrect, the error
was not harmful because the only contested issue was whether the defendant had
rubbed the minor=s
private parts).  Because the conduct of which L.B. accused Mendoza constitutes
indecency with a child, he has failed to show egregious harm, and we overrule
issues three and four.

2. Aggravated Sexual Assault.

Mendoza
also argues that the trial court=s
inclusion of both culpable mental states in the definitions impacted the jury=s consideration of the
aggravated sexual assault allegations.  Mendoza commendably acknowledges that,
in Baker v. State, 94 S.W.3d 684, 690 (Tex. App.CEastland 2002, no pet.), this court held that
aggravated sexual assault of a child involves both result of conduct and nature
of conduct elements.  Mendoza asks us to reconsider that holding and to hold
that aggravated sexual assault of a minor is a result of conduct offense.  

The
Texas Court of Criminal Appeals has not characterized sexual assault of a minor
as a conduct or result of conduct offense.  For the reasons stated in Baker,
we continue to believe that it involves elements of both and, therefore, that
the trial court did not err by utilizing the full statutory definitions of
intentionally and knowingly.  Id. at 690-91.  Furthermore, even were we
convinced that the trial court=s
charge was erroneous, no harm is shown.  Mendoza testified during the
guilt/innocence phase of the trial and denied any wrongdoing.  No alternative
or mitigating explanations were offered.  Consequently, the trial court=s definitions of
intentionally and knowingly did not alter the jury=s assessment of this issue.  Issues five and
six are overruled.








                                                                     IV.
Holding

The
judgments of the trial court are affirmed.

 

 

RICK STRANGE

JUSTICE

 

May 22, 2008

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Sexual Assault Nurse Examiner.





[2]See, e.g., Cunningham v. State, 726 S.W.2d 151, 154 (Tex. Crim. App. 1987) (accused
forced minor to take off her clothes, took down his own pants, placed his
finger on her vagina, and forced her to lick his penis); Jacquez v. State,
579 S.W.2d 247, 248 (Tex. Crim. App. 1979) (stranger grabbed minor male
victims, dragged them behind school building, and forced them to Atouch and scrub@ his
penis); Ferguson v. State, 579 S.W.2d 2, 5 (Tex. Crim. App. 1979)
(accused forced stepdaughter to take his penis in her mouth and move her head
up and down); Hohn v. State, 538 S.W.2d 619, 620-21 (Tex. Crim. App.
1976) (adult male companion of mother made her child take off clothes, get in
his bed, and perform an act of oral sodomy on him).