NO. 07-10-00465-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 9, 2012

JERROD ALVARADO, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2010-427,749; HONORABLE CECIL G. PURYEAR, JUDGE

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Jerrod Alvarado, appeals his conviction for the offense of aggravated sexual assault,[1] and sentence of imprisonment for life in the Institutional Division of the Texas Department of Criminal Justice. We will affirm.

Background

At approximately 6:00 a.m. on March 1, 2009, Billy Vanier discovered a vehicle on the road in an area northwest of Lubbock. After investigating, he discovered Amy

---

[1] See TEX. PEN. CODE ANN. § 22.021(a) (West Supp. 2011).

Cahill asleep over the steering wheel of the vehicle. Cahill had no clothes on from the waist down. Vanier saw that Cahill had injuries to her face. Cahill appeared to be intoxicated. Vanier called the Lubbock Sheriff's Office to report the incident. Once officers arrived, Cahill was taken to the emergency room of University Medical Center in Lubbock. Cahill was unable to remember the events that led to her being found asleep in her vehicle and did not know how she had sustained the injuries.

A sexual assault examination was performed on Cahill. She had extensive injuries across her entire body including fractures of the orbital floor and wall of her eye and nasal bone fractures. Semen was found in Cahill's vagina and anus. However, Cahill could not recall having had sex with anyone. The semen that was found was eventually matched by DNA to appellant. Appellant's DNA was also discovered under Cahill's fingernails and in the front and back seats of Cahill's vehicle.

During the investigation of how Cahill was injured, officers became aware that Cahill had attended a party the preceding evening. Tiffany Kibiger was the host of the party that Cahill had attended. Kibiger remembered that Cahill had attended the party and had been among the last to leave. However, when Cahill left the party, she was fully clothed and in control of her body. Kibiger did not know appellant and had not seen him at the party.

On April 24, 2009, appellant was interviewed by Jason Stewart, an investigator with the Lubbock Sheriff's Office. Initially, appellant denied knowing Cahill. However, after Stewart disclosed that DNA proved that appellant had sex with Cahill, appellant admitted that he and Cahill had sex at the party but that it was consensual and that he

2

did not injure Cahill. Appellant also indicated that he had received rides to and from the party from two different friends, but both of these friends denied this assertion.

Appellant was charged by indictment with aggravated sexual assault against Cahill. At the close of the State's case-in-chief, appellant moved for a directed verdict on the bases that the evidence was insufficient to prove a lack of consent, and that appellant caused Cahill's injuries. The trial court overruled this motion. The jury found appellant guilty of the offense of aggravated sexual assault, and the case proceeded to punishment.

During sentencing, the State sought to prove up an unadjudicated sexual assault committed by appellant when he was a juvenile against a 16-year-old mentally challenged female. A hearing was held outside the presence of the jury regarding the admissibility of this evidence. Appellant objected on the basis that the risk of unfair prejudice of the evidence substantially outweighed its probative value. Appellant did briefly mention that the offense was an unadjudicated offense occurring when appellant was a minor. The State presented argument and case law that the evidence was admissible under Texas Code of Criminal Procedure article 37.07, section 3. The trial court agreed with the State's argument, overruled appellant's objection, but granted appellant a running objection "to those matters." After hearing the punishment evidence, the jury sentenced appellant to life imprisonment in the Texas Department of Criminal Justice, Institutional Division.

By three issues, appellant appeals. By his first two issues, appellant challenges the trial court's denial of his motion for directed verdict. Specifically, appellant's first

issue contends that the evidence was insufficient to show that Cahill did not consent to penetration. Appellant's second issue contends that the evidence was insufficient to show that appellant caused any of Cahill's injuries. By his third issue, appellant challenges the admission of evidence of the unadjudicated juvenile sexual assault during punishment.

## Standard of Review for Appellant's First Two Issues

A contention that the trial court erred in denying a motion for directed verdict is essentially a challenge to the legal sufficiency of the evidence. Williams v. State, 937 S.W.2d 479, 482 (Tex.Crim.App. 1996). In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Brooks v. State, 323 S.W.3d 893, 912 (Tex.Crim.App. 2010). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." Brooks, 323 S.W.3d at 917 (Cochran, J., concurring). We remain mindful that "[t]here is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by Jackson." Id. When reviewing all of the evidence under the Jackson standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. See id. at 906–07 n.26 (discussing Judge Cochran's dissenting opinion in Watson v. State, 204 S.W.3d 404, 448–50 (Tex.Crim.App. 2006), as outlining

4

the proper application of a single evidentiary standard of review). "[T]he reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." Id. at 899.

Appellant was charged with aggravated sexual assault. To prove appellant guilty of the offense as indicted, the State had to prove that appellant intentionally or knowingly caused the penetration of Cahill's vagina without Cahill's consent, and, in the course of the same criminal episode, caused Cahill serious bodily injury or attempted to cause Cahill's death. See TEX. PEN. CODE ANN. § 22.021(a)(1)(A)(i), (2)(A)(i). By his first issue, appellant challenges the sufficiency of the evidence to establish that he penetrated Cahill's vagina without her consent. By his second issue, appellant challenges the sufficiency of the evidence that he caused Cahill serious bodily injury.

## Consent

By his first issue, appellant contends that the trial court erred in overruling his motion for directed verdict because the evidence was insufficient to establish that Cahill did not consent to sex with appellant. Since Cahill remains unable to remember the critical events of that night, appellant contends that the only evidence about the sexual encounter between appellant and Cahill is appellant's statement that he and Cahill had consensual sex at the party hosted by Kibiger.

Lack of consent is an element of the offense of aggravated sexual assault as alleged against appellant. TEX. PEN. CODE ANN. § 22.021(a)(1)(A)(i). As relevant to this case, an action is without a person's consent if: (a) the actor compels the person to

submit or participate by the use of physical force or violence, (b) the actor knows the person is unconscious or physically unable to resist, or (c) the person is unaware of the sexual assault occurring. Id. § 22.011(b)(1), (3), (5) (West 2011).

The evidence in this case establishes that Cahill suffered severe bodily injuries between the hours of 2:00 a.m., when she was seen leaving the party without any visible injuries, and 6:00 a.m., when she was discovered in her vehicle. The nature and extent of Cahill's injuries allow for a reasonable inference that she was forced to submit to sexual activity by physical force and violence. Likewise, the evidence suggests that the injuries to Cahill's sexual organs were more likely the result of nonconsensual sexual activity. Appellant's contention that he had consensual sex with Cahill at the party is refuted by evidence that Cahill did not know appellant, appellant was not seen by anyone at the party, the bedroom in which appellant claimed he had sex with Cahill was highly trafficked throughout the party yet none of the partygoers saw anyone having sex in that bedroom, and no semen was found in Cahill's panties. Additionally, neither of appellant's friends that he claimed gave him rides to and from the party corroborated appellant's attendance at the party. By contrast, the evidence established that semen containing appellant's DNA was found in both the front and back seats of Cahill's vehicle. Certainly, when all of this evidence is considered, it is not only a reasonable inference that appellant had sex with Cahill in her vehicle rather than at the party, but it is actually the more reasonable inference. Thus, we conclude that the evidence is sufficient to allow a rational trier of fact to conclude that Cahill did not consent to sexual

6

intercourse with appellant, but that appellant compelled Cahill to submit to sex by the use of physical force or violence.[2]

The arguments asserted by appellant to establish that Cahill consented to sexual intercourse with appellant would require this Court to turn the applicable standard of review on its head by indulging all reasonable inferences in opposition to the verdict. Appellant argues that there was no evidence that "fully contradict[s] Appellant's statement that he had sex with [Cahill] at the party." The evidence, as addressed above, strongly implies that appellant and Cahill did not have sex at the party. Appellant also points to the testimony of two of the State's experts as indicating that Cahill's sexual injuries "could have related to consensual sex." While this testimony can be found in the record, both experts also testified that the nature of the genital injuries sustained by Cahill would be uncommon in normal sexual intercourse. Finally, appellant argues that appellant's semen that was found in Cahill's vehicle could have gotten there due to Cahill urinating in her car. However, to make that inference, the fact finder would have to overlook the evidence that appellant's semen was found on both the front and back seats of the vehicle and that appellant's semen could not be found on Cahill's panties.

When all of the evidence is viewed in the light most favorable to the verdict, we conclude that a rational trier of fact could have found that Cahill did not consent to

---

[2] We also conclude that the evidence would allow for a reasonable inference that Cahill was unconscious, unable to resist, and unaware that appellant was sexually assaulting her, and that appellant was aware of Cahill's impairment.

penetration by appellant beyond a reasonable doubt. As such, we overrule appellant's first issue.

## Serious Bodily Injury

By his second issue, appellant contends that the trial court erred in overruling his motion for directed verdict because the evidence was insufficient to establish that appellant caused Cahill serious bodily injury. Appellant points to evidence that, during the party, Cahill came in contact with two other males that could have caused Cahill's bodily injuries.

As discussed above, the evidence in this case establishes that Cahill suffered serious bodily injuries[3] between the hours of 2:00 a.m., when she was seen leaving the party without any visible injuries, and 6:00 a.m., when she was discovered in her vehicle. The most logical inference from the evidence is that these injuries were inflicted upon Cahill as a means of forcing her to submit to sexual activity. As such, the presence of semen containing appellant's DNA in Cahill's vagina and anus strongly indicate that appellant caused Cahill's serious bodily injury in the course of committing sexual assault. Further supporting that the sexual assault occurred in Cahill's vehicle, where her bodily injuries were inflicted, is the presence of appellant's semen on both the front and back seats of the vehicle. The evidence that appellant's DNA was found under Cahill's fingernails allows for a reasonable inference that Cahill fought back against appellant's assault. We conclude that the evidence is sufficient to allow a

---

[3] Appellant does not contest the sufficiency of the evidence establishing that the injuries suffered by Cahill were serious bodily injuries.

rational trier of fact to conclude that appellant caused Cahill's serious bodily injuries in the course of sexually assaulting her.

As with appellant's first issue, appellant's arguments in support of his second issue would require this Court to indulge inferences in opposition to the verdict. Appellant argues that there were two other men that had contact with Cahill at the party and that could have caused her bodily injuries. However, Cahill was seen leaving the party without any visible injuries. Further, the only person other than Cahill linked to her vehicle on the night in question is appellant. Thus, it is unlikely that another person could have caused the extent of injuries Cahill suffered without leaving DNA evidence on her body or in her vehicle. Appellant also argues that Cahill's injuries could have been the result of falling due to her extreme intoxication. In order for Cahill to have sustained the injuries as the result of falling down, she would have had to have repeatedly fallen with at least one such fall causing fractures of her orbital floor and wall and nasal bone. While this is arguably possible, the more likely inference to draw from the serious bodily injuries suffered by Cahill is that she was extensively and severely beaten.

When all of the evidence is viewed in the light most favorable to the verdict, we conclude that a rational trier of fact could have found that appellant caused serious bodily injuries to Cahill in the course of committing sexual assault beyond a reasonable doubt. As such, we overrule appellant's second issue.

Unadjudicated Juvenile Offense

By his third issue, appellant contends that the trial court abused its discretion by admitting evidence during sentencing of an unadjudicated sexual assault offense that appellant committed when he was a juvenile. In his brief, appellant contends that the trial court incorrectly construed Texas Code of Criminal Procedure article 37.07, section 3(a)(1), as allowing the admission of evidence of unadjudicated juvenile offenses during the punishment phase of trial. See TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West Supp. 2011).

Initially, a fair reading of appellant's trial objection to this evidence was based on the probative value of the evidence being substantially outweighed by the danger of unfair prejudice. Such an objection does not comport with an appellate argument regarding the proper statutory construction of article 37.07. See Heidelberg v. State, 144 S.W.3d 535, 537 (Tex.Crim.App. 2004) (when trial objection does not comport with issue raised on appeal, the appellate issue has not been preserved for our review). However, based on the State's argument and the authority presented by it as well as the trial court's statements immediately preceding its granting of a running objection to appellant, we conclude that the trial court was aware of appellant's complaint regarding the construction of article 37.07, and granted appellant a running objection on that basis. See TEX. R. APP. P. 33.1(a)(1)(A).

However, even if properly preserved, appellant's third issue has been decided against him by the Texas courts. Addressing the specific argument raised by appellant in this issue, the Eastland and the Texarkana courts have rejected the construction of

article 37.07, section 3(a)(1), advanced by appellant. See Strasser v. State, 81 S.W.3d 468, 470 (Tex.App.—Eastland 2002, pet. ref'd); Rodriguez v. State, 975 S.W.2d 667, 687 (Tex.App.—Texarkana 1998, pet. ref'd). We agree with our sister courts that article 37.07, section 3(a), allows evidence of an unadjudicated juvenile offense to be admitted so long as it is relevant and shown beyond a reasonable doubt that it was the defendant that committed the offense. See TEX. CRIM. PROC. CODE ANN. art. 37.07, § 3(a)(1); Strasser, 81 S.W.3d at 469; Rodriguez, 975 S.W.2d at 687; see also McMillan v. State, 926 S.W.2d 809, 813 (Tex.App.—Eastland 1996, pet. ref'd). Appellant does not challenge the sufficiency of the evidence to establish that he committed the unadjudicated sexual assault of which he complains.

Consequently, we overrule appellant's third issue.

Conclusion

Having overruled each of appellant's three issues, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.

11