**Affirm and Opinion Filed July 12, 2013**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-11-01679-CR**

**JORGE ARREDONDO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F09-56346-K**

## OPINION

Before Justices FitzGerald, Francis, and Lewis
Opinion by Justice FitzGerald

Appellant Jorge Arredondo was convicted of indecency with a child and sentenced to three years in prison. On appeal, he raises two points of error. He complains that the jury charge was erroneous and that the trial judge improperly commented on the weight of the evidence during voir dire. We affirm.

### I. BACKGROUND

The evidence at appellant's jury trial showed the following facts. On June 9, 2009, the thirteen-year-old complainant spent the night at her grandmother's house. Several other people were present; one of the complainant's aunts lived at the house with the complainant's grandmother, and two of her cousins also spent that night there. Appellant was also present that evening, having arrived at around 9 p.m. The complainant testified that during the night,

appellant went into her bedroom three different times and touched her on each of those occasions. She testified that on the first occasion, appellant touched her vagina both over and under her shorts, and he moved his hand back and forth. He left the room, and then a few minutes later he returned and put his hand on her vagina over her shorts. He left the room again, and the complainant rolled over so that she was lying on her stomach. Then appellant returned, touched the complainant's buttocks over her shorts, and left again. Appellant left the house the next morning before the complainant got out of bed. The complainant reported the incidents to her mother the next day, and her mother called the police.

Appellant was indicted for indecency with a child. The issue of guilt was tried to a jury, and the jury found appellant guilty. The issue of punishment was tried to the bench, and the trial judge assessed appellant's punishment at three years' imprisonment. Appellant timely appealed.

## II. ANALYSIS

### A. Jury charge

In his first point of error, appellant argues that the trial judge erred by including in the jury charge the full definitions of "intentionally" and "knowingly," thereby confusing the jury. Appellant acknowledges that he did not object to the jury charge. Accordingly, in this appeal we determine first whether the jury charge was erroneous. *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). If it was, we reverse only if the error was so egregious and created such harm that it denied appellant a fair and impartial trial. *See id.*

These are the jury instructions appellant complains of:

> A person commits the offense of INDECENCY WITH A CHILD if, with a child younger than 17 years of age, the person intentionally or knowingly engages in sexual contact with the child with intent to arouse or gratify the sexual desire of any person.

> A person acts intentionally, or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause the result.

A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

"Sexual contact" means the following act, if committed with the intent to arouse or gratify the sexual desire of any person:

(1) any touching by a person, including touching through clothing, of any part of the genitals of a child.

. . .

Now if you find from the evidence, that on or about 9th [sic] day of June, A.D., 2009 in Dallas County, Texas, the defendant, JORGE ARREDONDO, did unlawfully then and there intentionally or knowingly engage in sexual contact with [complainant], a child younger than 17 years and not then the spouse of the defendant, by contact between the hand of the defendant and the GENITALS of the complainant, with intent to arouse or gratify the sexual desire of the defendant, then you will find the defendant guilty of INDECENCY WITH A CHILD BY CONTACT as charged in the indictment.

Appellant argues that the trial judge erred by defining "intentionally" and "knowingly" in terms of the result of an actor's conduct because indecency with a child is a "nature of the conduct" offense, meaning that the actor must intend to engage in the proscribed conduct rather than intend to bring about any particular result. *See Rodriguez v. State*, 24 S.W.3d 499, 502 (Tex. App.—Corpus Christi 2000, pet. ref'd).

We compare the jury charge to the relevant statute. As applicable to the facts of this case, the statute defines indecency with a child as engaging in "sexual conduct" with a person under 17 years of age, TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011), and it defines "sexual conduct" as touching, including touching through clothing, any part of the genitals of the child "with the intent to arouse or gratify the sexual desire of any person," *id*. § 21.11(c)(1).[1] In other words, the offense consists of touching, including touching through clothing, any part of the genitals of a child under the age of 17 years, with the intent to arouse or gratify the sexual desire

---

[1] Section 21.11 was amended in 2009, effective after the date of the offense involved in this case. *See* Act of May 18, 2009, 81st Leg., R.S., ch. 260, § 1, 2009 Tex. Gen. Laws 710. Those amendments made marriage an affirmative defense to prosecution under section 21.11, and they are not relevant to this case. Accordingly, we cite the current version of the statute.

of any person. *See generally id.* § 21.11(a)(1), (c)(1). Thus, the only mental state expressly required by the statute is "intent," and the statute appears to require the actor's intent to be directed to the result of the conduct—arousal or gratification of a person's sexual desire—rather than the nature of the conduct, which is the touching itself. Logically, an actor cannot touch a child with the intent to arouse or gratify sexual desire without also knowingly or intentionally committing the touching itself. *See McMillan v. State*, 926 S.W.2d 809, 811 (Tex. App.—Eastland 1996, pet. ref'd) ("The jury could not have found such an intent [to arouse or gratify sexual desire] unless it believed that appellant knowingly or intentionally engaged in sexual contact with the complainant."); *see also Guia v. State*, 723 S.W.2d 763, 765 (Tex. App.—Dallas 1986, pet. ref'd) (stating that the elements of indecency with a child are that the defendant "1) knowingly or intentionally; 2) engaged in sexual contact; 3) with a child; 4) younger than seventeen years of age; 5) who was not the spouse of the accused"). Nevertheless, the statute does not expressly require proof that the actor intentionally or knowingly engaged in sexual contact with a child, *see generally* TEX. PENAL CODE ANN. § 21.11, and the jury charge in this case did.

Assuming without deciding that the trial judge erred by including the definitions of "intentionally" and "knowingly" in the jury charge and by including the phrase "intentionally or knowingly" in the definition of the offense and in the application paragraph, we conclude that appellant was not egregiously harmed by these instructions. In assessing harm, we may consider (1) the charge itself, (2) the state of the evidence, including the contested issues and the weight of the probative evidence, (3) the arguments of counsel, and (4) any other relevant information revealed by the record. *Vega v. State*, 394 S.W.3d 514, 521 (Tex. Crim. App. 2013). As for the charge itself, the application paragraph required the State to prove all the statutory elements, including intent to arouse or gratify a person's sexual desire. The presence of the additional

phrase "intentionally and knowingly" would not have reduced the State's burden of proof, so any harm caused by the inclusion would have been minimal. With respect to the evidence, the contested issue was the complainant's credibility, not appellant's intent, knowledge, or lack thereof. Appellant directs us to no evidence putting his intent or knowledge at issue, and we have found none. The closing arguments focused on the complainant's credibility. Under these circumstances, appellant did not suffer egregious harm. *See Rodriguez*, 24 S.W.3d at 503 (concluding on similar facts that there was no egregious harm); *see also Battaglia v. State*, No. 05-06-00798-CR, 2007 WL 4098905, at *2 (Tex. App.—Dallas Nov. 19, 2007, no pet.) (not designated for publication) (rejecting claim of egregious harm from similar jury charge).

Appellant argues that harm is shown by certain statements by the judge and certain questions by veniremembers during voir dire. We disagree. One veniremember, whom appellant concedes did not sit on the jury, expressed some confusion about how to know whether alleged conduct gratified appellant's sexual desire, but this confusion did not implicate the definitions of "intentionally" or "knowingly," and there is no indication that any members of the jury were confused about the intent element. The judge did briefly discuss the meanings of "intentionally" and "knowingly" during voir dire, but there is no indication that the jury was confused by the judge's remarks, or that the judge's remarks had any influence in this case that turned primarily on the complainant's credibility.

Because the charge error, if any, did not cause egregious harm, we overrule appellant's first point of error.

## B.  Comments by the trial judge

In his second point of error, appellant argues that the trial judge erred by commenting on the weight of the evidence before the venire panel regarding the complainant's age and the parties' marital status. *See* TEX. CODE CRIM. PROC. ANN. art. 38.05 (West 1979) (providing that,

before the return of the verdict, the trial judge shall not "make any remark calculated to convey to the jury his opinion of the case"). Appellant concedes that he did not object to the judge's remarks of which he now complains, but he argues that no objection was required to preserve this kind of error. The State disagrees and argues that appellant waived any error by failing to object.

"Preservation of error is a systemic requirement on appeal." *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009) (footnote omitted). If an issue has not been preserved for appeal, we should not address its merits. *Id.*; *see also* TEX. R. APP. P. 33.1(a). Appellant argues that the court of criminal appeals has recognized an exception to this rule for a trial judge's comments on the weight of the evidence. Appellant relies specifically on the following sentence in *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012): "We conclude that failure to preserve error is not a proper basis for the court of appeals to decline to address whether the trial court improperly commented on the weight of the evidence." But as the State points out, the issue in *Kirsch* was whether the jury charge contained a comment on the weight of the evidence in the jury charge, and objection is not necessary to preserve jury-charge error. Indeed, the *Kirsch* court recognized this very point in the same paragraph where the sentence relied on by appellant appears:

> However, ***all alleged jury-charge error must be considered on appellate review regardless of preservation in the trial court***. Appellate review of purported error in a jury charge involves a two-step process. First, we determine whether the jury instruction is erroneous. Second, if error occurred, then an appellate court must analyze that error for harm. The issue of error preservation is not relevant until harm is assessed because the degree of harm required for reversal depends on whether the error was preserved. We conclude that failure to preserve error is not a proper basis for the court of appeals to decline to address whether the trial court improperly commented on the weight of the evidence.

*Id.* (emphasis added, citations and footnote omitted).

Outside the context of the jury charge, the courts of appeals have consistently said that a party must object to preserve an argument that a trial judge's statement before a jury constitutes an erroneous comment on the weight of the evidence. *See, e.g.*, *Brown v. State*, 333 S.W.3d 606, 614 (Tex. App.—Dallas 2009, no pet.); *Williams v. State*, 191 S.W.3d 242, 251 (Tex. App.—Austin 2006, no pet.); *Davis v. State*, 177 S.W.3d 355, 362–64 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (en banc). We conclude that *Kirsch* did not change this rule for comments on the weight of the evidence made outside the jury-charge context.

We overrule appellant's second point of error because it was not preserved in the trial court.

### III.   CONCLUSION

For the foregoing reasons we affirm the trial court's judgment.

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

Do not publish
TEX. R. APP. P. 47.2(b)
111679F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JORGE ARREDONDO, Appellant

No. 05-11-01679-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 4, Dallas County, Texas
Trial Court Cause No. F09-56346-K.
Opinion delivered by Justice FitzGerald.
Justices Francis and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered July 12, 2013

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE